145 So.2d 421

William F. BOWEN, Jr.

v.

STATE of Alabama.

8 Div. 106.

Supreme Court of Alabama.

Oct. 4, 1962.

Jas. W. Baker, Huntsville, for appellant.

MacDonald Gallion, Atty. Gen., and Geo. D. Mentz, Asst. Atty. Gen., for the State.

SIMPSON, Justice.

The appellant was indicted, tried and convicted of murder in the first degree and sentenced to death. The appeal is under the automatic appeal statute. Consistent

with our duty in such cases, we have searched the record for prejudicial error but find none.

 The appellant stabbed the victim fourteen times with a kitchen butcher knife, resulting in her death. The facts are revolting in the extreme and it would be purposeless to relate them here. Appellant interposed a plea of insanity as well as not guilty but there was little evidence, if any, to support the insanity plea. Insanity is an affirmative defense which the accused must clearly prove to the reasonable satisfaction of the jury. Walker v. State, 269 Ala. 555, 114 So.2d 402; Reedy v. State, 246 Ala. 363, 20 So.2d 528. This he failed to do.

With respect to his plea of not guilty, it was clearly not well taken since appellant made a voluntary confession of being guilty of the crime and also admitted it on the stand when he testified as a witness in his own behalf.

Appellant contended that he was under the influence of narcotics when he perpetrated the murder but whether he was so under the influence of narcotics as not to know what he was doing was a question for the decision of the jury. Lakey v. State, 258 Ala. 116, 61 So.2d 117.

Moreover, there was no evidence of a diseased mind and temporary mania not the result of a diseased mind is not a valid defense of justification. Barbour v. State, 262 Ala. 297, 78 So.2d 328.

Appellant argues error in the overruling of his challenge for cause of one of the veniremen on the list from which the jury was to be selected. The juror stated on voir dire that he knew about the case and had talked about it but had no fixed opinion, could listen to the evidence and "could sit on a jury and still return a fair verdict based on the evidence." Under the authorities, this juror was not subject to challenge and the ruling of the trial court was correct. Willingham v. State, 262 Ala. 550, 80 So.2d 280; Peterson v. State, 227 Ala. 361, 150 So. 156; Thomas v. State, 150 Ala. 31, 43 So. 371; Ragsdale v. State, 134 Ala. 24, 32 So. 674; Hawkins v. State, 29 Ala.App. 221, 195 So. 762.

There were several objections to the introduction of evidence but the court's rulings thereon resulted in no prejudice to the appellant.

There were no written requested charges for the appellant and the court's oral charge was a full, fair and correct exposition of the relevant law. We find no error to reverse.

Affirmed.

All Justices concur except LAWSON, J., not sitting.