Bennie HARVIN, Jr., Appellant,

v.

UNITED STATES, Appellee.

No. 6382.

District of Columbia Court of Appeals.

Argued Oct. 3, 1972.

Decided Nov. 29, 1972.

4. The trial judge at the prior trial indicated that it was *not* the practice for a defendant to have the jurors' list.

Atty., and John A. Terry, Asst. U. S. Atty., were on the brief, for appellee.

Before KELLY, KERN and PAIR, Associate Judges.

PAIR, Associate Judge:

After a jury trial, appellant was found guilty of receiving stolen property[1] and unauthorized use of a vehicle.[2] While several claims of error are urged on appeal, we find it necessary to consider only one —the contention that the trial court improperly restricted the scope of questions addressed to the panel of prospective jurors during the *voir dire*. We agree and reverse.

The record discloses that, pursuant to Super.Ct.Crim. Rule 24(a), the trial court permitted counsel to conduct the *voir dire* of the panel of prospective jurors, but improperly restricted defense counsel in certain important respects.[3] We set out at length one interchange between the court and defense counsel:

[MR. HOAGLAND:] Ladies and gentlemen, have any of you served on a grand jury—

THE COURT: Objection sustained. I don't allow any questions on grand jury service.

MR. HOAGLAND: May I approach the bench?

THE COURT: You may not.

MR. HOAGLAND: Ladies and gentlemen, are any of you—this is an important question and I hope you take it seri-

---

Peter J. Hoagland, Washington, D. C., for appellant.

Gregory C. Brady, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S.

1. D.C.Code 1967, § 22–2205.

2. D.C.Code 1967, § 22–2204.

3. Consistent with Super.Ct.Crim. Rule 24 (a), perhaps the better practice would be for the court to conduct the *voir dire*. However, in the event that the trial court permits counsel to conduct the *voir dire*, the court should—without unnecessary interruption—permit counsel to fully

frame any question. It is only then that the court can properly determine whether counsel is attempting permissibly to disclose prejudice (*cf. Brown, infra* note 5), or is impermissibly seeking to invade the province of the jury. *See* Chavez v. United States, 258 F.2d 816 (10th Cir. 1958), cert. denied sub nom., Tenorio v. United States, 359 U.S. 916, 79 S.Ct. 592, 3 L.Ed.2d 577 (1959).

ously—I assume some of you have served on criminal grand juries before—

THE COURT: I told you I don't allow any questions on that. Please proceed.

MR. HOAGLAND: Ladies and gentlemen, *I wonder if any of you are likely to treat more seriously*—

THE COURT: Mr. Hoagland, please approach the bench. I told you I don't allow questions on matters I instruct the jury on. Now you know what my instructions generally cover. You are not permitted to ask any questions on that. Please approach the bench.

MR. HOAGLAND: Fine, Your Honor.

THE COURT: I'm asking you to come now, not later, Mr. Hoagland. We've been waiting for you for close to an hour.

[Thereupon, counsel for both parties approached the bench and conferred with the Court as follows:]

THE COURT: What is this business? What are you trying to pull today? I'm very upset. *I do not allow any questions about police officers,* reasonable doubt or anything else. Now will you go on with your questions or I will have to cut off your *voir dire?* I mean it.

MR. HOAGLAND: *I was about to ask whether any of these people were more likely to give credibility to the testimony of a police officer.*

THE COURT: I do not allow that and you know it. I cover it in the instructions. It is not permissible. I never fail to cover that instruction. Go down and ask the rest of your questions.

MR. HOAGLAND: Would the Court permit me to ask if they're more likely to give less credit to the testimony of the defendant?

THE COURT: No. Now go ahead and ask the rest of your questions.

MR. HOAGLAND: Your Honor, I think it is also important for the juries to understand the differences in the function between a grand jury and a petit jury.

THE COURT: Mr. Hoagland, I am warning you right now. If you don't go down there right now *I am going to remove you from this case and I mean it.* I am burned up now at the dilatory and vexatious tactics you are using. Do you want to continue in this case or not?

MR. HOAGLAND: I left a message with the Court as to precisely where I was.

THE COURT: I don't care where you were. You were due here and this case was set for trial. I had a jury here and I had the defendant, but I'm ready now. If you don't go down and ask your questions, *I am going to strike you from this case* and I will not allow questions on matters I cover in the instructions. Now you are wasting more of my time. This is another—

MR. HOAGLAND: Your Honor, I was also going to ask a question about —proof and reasonable doubt.

THE COURT: *If you do I will hold you in contempt.* Now go down there. You may laugh, Mr. Hoagland. *I am going to excuse you from this case.* Obviously, you think this whole thing is a joke.

MR. HOAGLAND: I don't at all, Your Honor.

THE COURT: You've never known me to allow ridiculous use of such questions. I instruct the jury. I don't ask them to do anything. I tell them what they are doing. You know it. Now please get down there and go ahead and conduct your voir dire the way you should. [Emphasis supplied.]

■ The foregoing portion of the record establishes conclusively that counsel, perhaps inartfully,[4] sought to query on *voir dire* whether any prospective juror would be more likely to give greater credence to the testimony of a police officer merely because he is a police officer than to any other witness. Since the trial judge had not undertaken the *voir dire,* counsel was entitled under controlling case law in this jurisdiction to propound this question to the prospective members of the jury panel.

■ True it is that the trial court possesses a "broad discretion as to the questions to be asked" during the *voir dire,* but the exercise of that discretion is "subject to the essential demands of fairness." Aldridge v. United States, 283 U.S. 308, 310, 51 S.Ct. 470, 471, 75 L.Ed. 1054 (1931). In this jurisdiction it has been held to constitute reversible error for the trial court to fail to ask on *voir dire,* when requested, questions of similar import. Brown v. United States, 119 U.S.App.D.C. 203, 338 F.2d 543 (1964); Sellers v. United States, 106 U.S.App.D.C. 209, 271 F.2d 475 (1959) (per curiam); *cf.* United States v. Gore, 435 F.2d 1110 (4th Cir. 1970) and Chavez v. United States, 258 F. 2d 816 (10th Cir. 1958) (dictum), cert. denied sub nom., Tenorio.,v. United States, 359 U.S. 916, 79 S.Ct. 592, 3 L.Ed.2d 577 (1959).[5]

In *Sellers, supra,* and *Brown, supra,* virtually the entire cases for the Government consisted of testimony by law enforcement officers, and in the latter case it was said:

> We construe [Sellers] as establishing that when important testimony is anticipated from certain categories of witnesses, whose official or semi-official status is such that a juror might reasonably be more, or less, inclined to credit their testimony, a query as to whether a juror would have such an inclination is not only appropriate but should be given if requested. Failure to make appropriate inquiry, when requested, does not necessarily require reversal; the issue turns on the degree of impact which the testimony in question would be likely to have had on the jury and *what part such testimony played in the case as a whole.* . . . [6] [119 U.S.App.D.C. at 205, 338 F.2d at 545; emphasis supplied.]

In the case at bar appellant was charged, *inter alia,* with unauthorized use of a vehicle and, as in *Brown* and *Sellers,* the testimony of the officer was crucial and could have embraced "virtually the entire case for the prosecution." *Brown, supra,* at 205, 338 F.2d at 545. Moreover, the testimony of the police officer was in sharp conflict with that of defendant and controverted the entire theory of the defense.

By the sixth amendment, the defendant was guaranteed a trial by an impartial jury,[7] a right which ranks very high in our catalogue of constitutional safeguards.[8] In fact, the very purpose of the *voir dire* is to permit counsel to satisfy themselves that

4. In Aldridge v. United States, 283 U.S. 308, 311, 51 S.Ct. 470, 75 L.Ed. 1054 (1931), the Supreme Court noted that the court's refusal to allow counsel to ask a proper question may not be disregarded merely because of the form of the inquiry.

5. *Compare* with Gorin v. United States, 313 F.2d 641 (1st Cir.), cert. denied, 374 U.S. 829, 83 S.Ct. 1870, 10 L.Ed.2d 1052 (1963), and Fredrick v. United States, 163 F.2d 536 (9th Cir.), cert. denied, 332 U.S. 775, 68 S.Ct. 87, 92 L.Ed. 360 (1947). *Gorin* may not be relied upon in this jurisdiction in derogation of

Sellers v. United States, 106 U.S.App. D.C. 209, 271 F.2d 475 (1959), *accord,* Brown v. United States, 119 U.S.App. D.C. 203, 338 F.2d 543 (1964).

6. The trial court was apparently unaware of this case law and neither counsel for appellant nor counsel for the Government saw fit to bring it to his attention.

7. *See* Reynolds v. United States, 98 U.S. 145, 25 L.Ed. 244 (1878).

8. Toth v. Quarles, 350 U.S. 11, 16, 76 S. Ct. 1, 100 L.Ed. 8 (1955).

they have an impartial jury.[9] Nothing could be plainer than that a predisposition to attach greater or lesser credence to any witness' testimony is inconsistent with this fundament of our legal system, and, as *Brown* and *Sellers* illustrate, the defendant is entitled to explore this area of possible disqualification prior to the impanelling of the jury.

The denial of such a fundamental right cannot be countenanced. The record before us discloses other matters of an equally disturbing nature. On the disposition we make today we need not consider such matters, except to say that the court should at all times appear impartial and unbiased—both as to counsel and the accused, and counsel must be permitted the opportunity to make a full record. It is unfortunate, but the conviction must be, and hereby is,

Reversed and case remanded for a new trial.

---

9. *See* Reynolds v. United States, *supra* note 6. *See also* American Bar Association Project on Standards for Criminal Justice, The Prosecution Function and The Defense Function, § 7.3(c), Commentary at 263 (Approved Draft, 1971).