331 So.2d 848 (1976)
STATE of Louisiana, Appellee,
v.
Ezzard Charles THOMPSON, Appellant.
No. 57111.
Supreme Court of Louisiana.
March 29, 1976.
Dissenting Opinion May 14, 1976.
Richard N. Ware, Kelly, Seaman & Ware, Natchitoches, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ronald C. Martin, Dist. Atty., R. Raymond Arthur, Asst. Dist. Atty., for plaintiff-appellee.
TATE, Justice.
The defendant was convicted of armed robbery, La.R.S. 14:64, and sentenced to twenty-five years at hard labor. Upon his appeal, he relies upon two assignments of error.

Admission of Prejudicial Hearsay
A finance company was robbed shortly after ten o'clock in the morning. Acting on the basis of information that the defendant was one of the two robbers, the police went to his home and found certain incriminating evidence.
At the trial before the jury, the prosecutor produced a police witness to explain the basis for the search. The witness first established that he had received certain information from a confidential informant who had proven reliable on many past occasions.
The witness was then asked if he had received information from the informant as to the present robbery. His response to that question (without revealing the content of the information) and as to what he had done on the basis of the information received is, of course, not subject to the hearsay objection.
Here, however, the witness was further permitted to testify to the content of the information received from the anonymous informer.
*849 After the objection to receiving hearsay witness from the police officer was overruled, these further questions by the prosecutor were permitted, with the following responses:
"Q. You received what information?
A. Who had committed the robbery?
Q. Who was it?
A. The man sitting right there.
Q. Ezzard Charles Thompson [the defendant]?
A. Yes."[1]
The admission of this testimony was prejudicial hearsay. The effect of permitting the evidence was not only to prove that a statement was made, which would not be hearsay. The effect of admitting the testimony was to permit into testimony the content of the statement of this anonymous witness, not sworn on subject to cross-examination at the trial, to the effect that this defendant had committed the crime for which he was on trial.
In Louisiana criminal trials, hearsay is inadmissible except under recognized exceptions. La.R.S. 15:434. "The hearsay rule excludes out of court assertions offered to prove the matter asserted because they are not made under oath and their veracity cannot be tested by cross examination." Pugh, Louisiana Evidence Law 388-89. The traditional exclusion of hearsay in Anglo-American jury trials is based upon historic considerations of unreliability and of potential unfairness to an accused to permit into evidence damaging out-of-court statements which cannot be tested as to their basis in fact, or by cross-examination of the out-of-court declarant. Pugh, 388-432.
Thus, in this jury trial on the merits of innocence or guilt, the testimony of the out-of-court information furnished by the anonymous informer could only be taken as evidence of the truth of its content, the guilt of the accused.[2] While the fact that a statement was made is not hearsay, the content of the statement is inadmissible. It constitutes prejudicial hearsay directly relating to the guilt of the accused and not admissible under any recognized exception to the hearsay rule. State v. Kimble, 214 La. 58, 36 So.2d 637 (1948).
Conclusion
Accordingly, we are required to reverse this conviction. State v. Murphy, 309 So.2d 134 (La.1975).
Since we have determined that reversal is required, it is unnecessary to discuss the defendant's other assignment, except to note that it too represents probable error: A juror was not excused for cause, despite his repeated assertions that the defendant would not be on trial if he were not guilty, and despite his final reply seemingly indicating (somewhat ambiguously) that the innocence of the defendant was "going to have to be proved to me."
For the reasons assigned, we reverse the conviction and sentence, and we remand for a new trial in accordance with law.
REVERSED AND REMANDED.
*850 SANDERS, C.J., dissents with written reasons.
SUMMERS, J., dissents and assigns reasons.
MARCUS, J., dissents and assigns reasons.
SANDERS, Chief Justice (dissenting).
The majority correctly holds that the testimony of the police witness is hearsay. However, under both state and federal law, it still must be determined whether the admission of the testimony was reversible error. See LSA-C.Cr.P. Art. 921; Dutton v. Evans, 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970); California v. Green, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970); Favre v. Henderson, 464 F.2d 359 (5th Cir. 1972).
In this case, the record discloses that the independent evidence of guilt is overwhelming. The victims, Wayne Dew and Cheryl Catha, both identified the defendant as the armed robber. They saw the defendant a few minutes prior to the robbery when he entered the finance company to inquire about an account. His identity at this earlier time was also confirmed by a third witness, who attended school with the defendant and was personally acquainted with him.
At the time he perpetrated the robbery, defendant was armed with a small pistol, while his companion was armed with a sawed-off shotgun with a white stock. The defendant was wearing a knit cap. After the robbery, the police found the weapons and knit cap under the mattress of defendant's bed.
During defendant's conversation with the police officers, he advised them: "I'll get the things returned."
Although the defense was alibi, one of the defense witnesses took the stand on rebuttal to refute the alibi testimony.
In the light of the record, I am of the opinion that the ruling admitting the hearsay testimony was harmless beyond a reasonable doubt. See Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).
For the reasons assigned, I respectfully dissent.
MARCUS, Justice (dissenting).
I agree that the admission of the police officer's testimony identifying defendant as the person whom the confidential informant told him had committed the robbery was objectionable hearsay. However, I do not consider it reversible error. Positive identifications of defendant were made by two victims of the armed robbery, Wayne Dew, manager of Dew's Loan Company, and Cheryl Catha, his secretary. Not only did they fully observe defendant during the commission of the crime but they also viewed him when he came into the loan office about fifteen minutes before the robbery and inquired about making a payment on a certain account, of which the company had no record. Defendant was also identified by a customer who, although not present at the time of the robbery, was present in the loan office at the time defendant made his initial visit to inquire about the account. This witness knew defendant because they had finished school together.
In view of the positive identifications of defendant by the victims and other incriminating evidence adduced at the trial of this matter, the error complained of, in my view, does not warrant the reversal of this conviction. Accordingly, I respectfully dissent.
SUMMERS, Justice (dissenting).
I dissent for the reasons assigned by the Chief Justice and Mr. Justice Marcus.
NOTES
[1] Immediately thereafter, on cross-examination the officer was asked the name of the informer who had given this damaging out-of-court identification received in evidence. The State objected. A part of this assignment of error is the defendant's contention that, under the circumstances, the privilege against revealing the identity of the confidential informer yielded to due-process requirements that the name be revealed for purposes of fair trial. Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957).

In view of our determination that reversible error resulted from the admission of the hearsay testimony quoted in the text, we do not reach consideration of this latter issue.
[2] On a non-jury issue, such as determining the reasonableness of a police search on a motion to suppress, the evidence may have been relevant and admissible. See Pugh, 431-32. Here, however, the content of the out-of-court statement was not admissible for any relevant jury issue in this trial.