The defendant was indicted and convicted for rape and sentenced to ten years' imprisonment. Two issues are presented on appeal.
 I
The defendant contends that the trial court committed reversible error in sustaining the State's challenge for cause to a venireman who stated that she would not convict the defendant upon the sworn testimony of only one witness even if she believed that witness beyond a reasonable doubt.
In qualifying the venire, the Assistant District Attorney inquired:
 "Now, if the State of Alabama only has one witness that can say that this is the individual, that is the person, and you believe that person, that one witness that the State of Alabama had, if you believed that person beyond a reasonable doubt that what they were saying was so, is there any member of the Jury Panel that would feel that because the nature of the case, the seriousness of the charge, that you would have to have somebody else say it, too, that you would have to have two witnesses to come in and say, yes, that is the person.
"If there is, would you please hold up your hand.
"Yes, ma'am, what is your name?
"PJ REA: Jane Rea.
"MR. WALDROP [Assistant District Attorney]: Mrs. Rea?
"PJ REA: Yes.
"MR. WALDROP: Is there anyone else?
"(No response.)"
* * * * * *
"THE COURT: Any challenges by the State?
 "MR. WALDROP: Yes, sir. Number 51, Mrs. Rea, who testified that she would have to have two witnesses even if she believed the State's witness beyond a reasonable doubt before she could convict on the case.
"THE COURT: Any objection?
"MR. BAKER [Defense Counsel]: Yes, sir.
 "THE COURT: I think under the law, there is no need for corroborative witness. That as a matter of law would be a challenge. Mrs. Rea —"
The statutory grounds for a juror's disqualification stated in Alabama Code 1975, §§ 12-16-150, 152, are not exclusive, and any other ground indicating probable prejudice will also disqualify. Motes v. State, 356 So.2d 712, 718 (Ala.Cr.App.), cert. denied, Ex parte Motes, 356 So.2d 720 (Ala. 1978). "Bias toward a certain kind of evidence is a manifestation of a predisposition against guilt or innocence because of a reason extrinsic to the evidence." Poore v. State, 39 Ind. App. 44,384 A.2d 103, 120 (1978). "The decision of a trial court to disqualify a venireman based on a challenge grounded on bias is entitled to great weight and will not be disturbed on appeal unless clearly shown to be an erroneous abuse of discretion."Motes, 356 So.2d at 718.
A juror who will not be governed by the established rules as to the weight and effect of the evidence is incompetent.
 "A juror is incompetent who is unwilling to be governed by the established rules of evidence, who would not convict on legal evidence, or whose answers show that he would follow his own views regardless of the instructions of the court as to the weight and effect to be given to a certain kind of evidence under certain circumstances."
* * * * * *
 "However, a juror is not incompetent because it appears from his examination *Page 551 
that he has erroneous views as to the law relating to the burden of proof or the weight and effect of evidence if he testifies that he has no prejudice and will follow the instructions of the court." 50 C.J.S. Juries § 246a (1947).
In State v. Spence, 274 N.C. 536, 539, 164 S.E.2d 593, 595
(1968), the following appears:
 "According to the Federal Court decisions `the function of challenge is not only to eliminate extremes of partiality on both sides but to assure the parties that the jury before whom they try the case will decide on the basis of the evidence placed before them and not otherwise.' The purpose of challenge should be to guarantee `not only freedom from any bias against the accused, but also from any prejudice against his prosecution. Between him and the State the scales are to be evenly held.' Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759; Tuberville v. United States, 112 U.S.App.D.C. 400, 303 F.2d 411 (cert. den. 370 U.S. 946, 82 S.Ct. 1596, 8 L.Ed.2d 813); Logan v. United States, 144 U.S. 263, 12 S.Ct. 617, 36 L.Ed. 429; Hayes v. Missouri, 120 U.S. 68, 7 S.Ct. 350, 30 L.Ed. 578."
See also State v. Noell, 284 N.C. 670, 202 S.E.2d 750, 758
(1974).
While it would have been the better procedure for the trial judge to inquire of the venireman as to whether she would be able to follow the instructions of the trial judge regardless of her personal opinions, Witherspoon v. Illinois,391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968), we cannot say that the trial judge abused his discretion in this matter by granting the challenge for cause. The objection by defense counsel was only general and stated no grounds which would have alerted the court as to any serious objection defense counsel had or whether this was merely an "objection for the record".
On appeal, the defendant argues that to disqualify a prospective juror the juror must have more than a biased or fixed opinion as to the guilt or innocence of the accused, and that such opinion must be so fixed that it would bias the verdict a juror would be required to render. Bowen v. State,274 Ala. 66, 145 So.2d 421 (1962); Tidmore v. City ofBirmingham, 356 So.2d 231 (Ala.Cr.App.), cert. denied, Ex parteTidmore, 356 So.2d 234 (Ala. 1977). This objection could have been easily remedied had it been presented to the trial judge. This matter was not raised in the defendant's motion for new trial. Since the judge's decision is not clearly erroneous, we cannot conclude that he abused his discretion in granting the State's challenge for cause. Motes, supra.
 II
The defendant also contends that the trial court erred in allowing the State, over his objection, to introduce evidence that someone broke into the trailer of the prosecutrix the day after the rape and removed a ballpoint pen and a pack of cigarettes, which allegedly had been left by the rapist, from the floor of the trailer where the rape had occurred. The defendant alleges that this evidence tended to prove a separate crime and asserts in brief:
 "The inference to be drawn from the testimony was that the defendant had lost the ballpoint pen and the cigarettes during the alleged rape and had committed burglary the following morning to retrieve the damaging evidence."
If, as the State so well noted, this evidence actually creates an inference that the defendant suppressed evidence, the defendant's contention must fail. Any act proving or tending to prove an effort or desire on the part of the defendant to obliterate evidence of a crime is relevant, for from such fact, if unexplained, the jury may justly infer a consciousness of guilt. Robinson v. State, 43 Ala. App. 111,180 So.2d 282 (1965). An effort to suppress evidence by an accused is evidence of guilt and is admissible even if it involves evidence of a separate offense. Staggs v. State, 51 Ala. App. 203, 283 So.2d 652 (1973).
However, even if, as defendant also alleges, there was no evidence, beyond mere *Page 552 
speculation, to connect the defendant with the burglary, the evidence was still admissible. We think that this evidence was admissible for the very reason advanced by the State, that is, to corroborate the testimony of the prosecutrix. In his reply brief, the defendant does not specifically join issue with the State's argument but contends, as in his original brief, that there was not a scintilla of evidence presented to connect the defendant with the burglary.
The State's evidence reveals that the defendant forced his way into the prosecutrix's trailer, physically overcame her resistance and raped her on the floor.
The defendant denied having raped the prosecutrix or even being in her trailer. The defense was directed towards proving that the prosecutrix had fabricated the entire incident and had made similar false accusations against other men in the past.
On rebuttal, the State offered evidence to corroborate the prosecutrix's testimony that she had been raped.
While the testimony of the prosecutrix need not be corroborated to sustain a conviction for rape, it may be and such corroborative evidence is admissible. Waters v. State,55 Ala. App. 646, 318 So.2d 342, cert. denied, 294 Ala. 7731,318 So.2d 346 (1975). Corroborating evidence is not required to be direct and positive or conclusive. Adams v. State, 32 Ala. App. 367,370, 26 So.2d 216 (1946); 98 C.J.S. Witnesses § 648b (1957). Consequently, while the evidence of the alleged burglary and theft of evidence was inconclusive, it was admissible. While the State did not connect this to the defendant, this insufficiency went to the weight rather than the admissibility of such evidence.
We have searched the record for error as required by law. We have found none that was prejudicial to the defendant. The judgment of the Circuit Court is affirmed.
AFFIRMED.
All Judges concur.