445 So.2d 1190 (1984)
STATE of Louisiana
v.
Zeno DAVENPORT.
No. 82-KA-1996.
Supreme Court of Louisiana.
January 16, 1984.
Rehearing Denied February 15, 1984.
*1192 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Paul Carmouche, Dist. Atty., Richard Carney, Asst. Dist. Atty., for plaintiff-appellee.
Donald R. Minor, Jeanette G. Garrett, Shreveport, Public Indigent Defender, for defendant-appellant.
DENNIS, Justice.
Defendant, Zeno Davenport, was convicted by a jury of attempted simple burglary of an inhabited dwelling, La.R.S. 14:62.2 and La.R.S. 14:27, adjudged to be a second offender, and sentenced to seven years at hard labor, with one-half year to be served without benefit of parole, probation or suspension of sentence. Defendant appealed and argued twelve assignments of error in this court. We conclude that these assignments are without merit and affirm his conviction and sentence.
*1193 On July 23, 1980, Marvin Butler returned home and found all the lights on. He walked around the house and discovered a back window broken out and the lock on one of the back doors broken. Entering the house, he saw that "everything was ramshackled." Mr. Butler testified that an eight track tape deck seemed to be the only item missing. Mr. Butler also said that defendant often came in the washeteria he managed, and, in fact, had been there the Saturday before and the Friday after the Wednesday burglary.
Defendant's mother testified on behalf of her son and said that he had been living with an uncle in Houston at the time of the crime on July 23, 1980. She stated that he left Shreveport in late May or early June of 1980 and returned on December 7, 1981. During defendant's apparent absence, a warrant was issued for his arrest in connection with the burglary. Not long after the time his mother said he returned, he was arrested.

Assignments of Error Numbers One, Three, Four and Five
Following an extensive voir dire examination of prospective jurors, Moore, Mille, Bradshaw and Grubb, defense counsel challenged each for cause. Upon the court's refusal to excuse Moore and Mille for cause, defense counsel challenged them peremptorily. After exhausting his peremptory challenges, defense counsel sought unsuccessfully to challenge Bradshaw and Grubb for cause and they were permitted to serve on the jury. We find that the trial court did not commit reversible error in failing to sustain the challenges for cause.
The prospective juror, Moore, vacillated in his responses. On the presumption of innocence, the following exchanges took place between the juror, counsel, and the court:
Mr. Minor: You would not want to have any question in your (sic) if the person was innocent before you found him not guilty? You would want to be certain of that?
Mr. Moore: Right.
Mr. Minor: You understand the law does not require that?
Mr. Moore: (Shakes head up and down.)
Mr. Minor: Understanding the law does not require that, would you still require the evidence to convince you of his innocence before you would vote?
Mr. Moore: Right.
* * * * * *
The Court: Court's going to have to talk to Mr. Moore again. You didn't raise your hand while ago when I was talking to you. Let me first ask you if you would follow the law given to you by the Court at the close of the case, whatever the judge tells you is the law at the close of the case, would you follow those instructions?
Mr. Moore: Yes, sir.
The Court: If the judge instructed you that the test is to decide whether the State has proven beyond a reasonable doubt that the defendant is guilty and that there is no requirement for proof of innocence before you can vote not guilty, would you follow those instructions?
Mr. Moore: Yes, sir.
The Court: You appear to be giving two different answers, one to me and one to Mr. Minor, and I can't tell if you're confused as to the question.
Mr. Moore: I expect him to prove the man innocent to me.
The Court: That's what we're trying to tell you, sir, that the law does not require that to be done. The law says the entire burden is upon the State to prove guilt and places no burden on defendant to prove innocence. And that is the law as given to you.
Mr. Moore: Yes, sir.
The Court: Do you want to ask any more questions, Mr. Minor.
Mr. Minor: No, your Honor.
At this point, defense counsel challenged Mr. Moore for cause, and the trial judge disallowed the challenge.
A juror who is incapable of recognizing the defendant's presumption of innocence *1194 or who will unquestioningly credit the testimony of law enforcement officers over that of defense witnesses is not competent to serve. State v. Nolan, 341 So.2d 885 (La.1977); State v. Thompson, 331 So.2d 848 (La.1976); State v. Johnson, 324 So.2d 349 (La.1975); State v. Jones, 282 So.2d 422 (La.1973).
However, we cannot say that the trial judge erred in concluding that the oscillation between different views in Mr. Moore's testimony failed to demonstrate an inability or refusal to recognize the defendant's presumption of innocence. Although the juror wavered, the fluctuations in his testimony were not so repeated or pronounced as to make the court's acceptance of his final indication that he would follow the law unreasonable. Accordingly, we find this case distinguishable from State v. Nolan, supra, in which the juror's retractions, occasionally following considerable coaching by the court and the district attorney, were unreliable. The juror in Nolan did not appear to be steadfast in any of her opinions. On the contrary, this case is more analogous to those in which a juror has voiced an opinion seemingly prejudicial to the defense but subsequently, upon further inquiry or instruction by the court, has demonstrated willingness and ability to decide the case impartially, according to the law and evidence. See State v. Governor, 331 So.2d 443, (La.1976); State v. Johnson, supra. Admittedly, the rehabilitation of the prospective juror was not as full or firm as that which we would hope to find in the record, but the trial judge evidently decided that the juror, by his final answer, indicated a sufficient willingness to follow the law and accord the defendant the presumption of innocence, and we cannot say that he was clearly wrong in this judgment.
Prospective juror Mille was challenged for cause by the defense counsel because he stated that he would accept the opinion of an expert witness in the field of fingerprint evidence if the expert could prove the fingerprint taken off an object matched the defendant's print. He was not asked, however, whether he would continue to accept such an opinion in the face of contrary expert testimony or a demonstration that the opinion was based upon error or uncertain facts. Moreover, he later along with the other jurors being questioned, indicated that he understood and accepted the law that an expert's testimony is to be considered just as any other witness's testimony. Under these circumstances, we conclude that the trial judge did not err in refusing the challenge for cause.
Prospective juror Bradshaw initially expressed doubt about whether he would be influenced by the defendant's failure to testify but ultimately stated that he would follow the law as given to him by the trial judge and would not hold it against the defendant. There was no reversible error in the trial judge's refusal to challenge this juror.
Juror Grubb was challenged for cause on the basis of her prior employment as a secretary to one of the judges for the First Judicial District Court. Mrs. Grubb, who was employed as a housewife at the time of these proceedings, testified that she had no particular knowledge of the case and would not be influenced by her prior employment. On the basis of her testimony and the inherently nonpartisan nature of judicial secretarial employment, the trial judge denied the challenge for cause. The ruling was correct.

Assignment of Error Number Six
Defendant by this assignment complains of the trial judge's failure to grant a continuance. Defendant's alibi was that he was visiting relatives in Texas at the time of the offense. A continuance was granted the defendant in March, due to his assertion that his relatives would be available in May to testify. However, on May 10, the defendant informed the court that he was unable to announce that he was ready for trial because the two alibi witnesses had failed to come from Texas.
A motion for a continuance based upon the absence of a witness must state:
1) Facts to which the absent witness is expected to testify, showing the materiality *1195 of the testimony and the necessity for the presence of the witness at the trial;
2) Facts and circumstances showing a probability that the witness will be available at the time to which the trial is deferred; ... La.C.Cr.P. art. 709(1), (2).
Davenport was unable to show that his relatives would ever be available to testify if a continuance were granted. The trial date had been continued from March 15 to May 10 specifically to allow the witnesses to appear. Defense counsel did not say at trial why the witnesses had not appeared, and did not show that they would appear if the trial were continued again. Under these circumstances, it was not error for the trial court to refuse to grant a continuance.

Assignments of Error Numbers Seven and Ten
In these assignments, defendant complains of the trial court's refusal to declare a mistrial after two allegedly prejudicial statements made during the testimony of state witnesses.
The victim, Marvin Butler, was asked how long he had known the defendant. His reply was: "He used to go down to my brother-in law's, lived down on Claiborne Street, and give him a lot of the trouble." The second allegedly prejudicial statement was made by Lt. Wood, a fingerprint expert. Lt. Wood testified that he "was asked to check known prints against latents obtained at the scene." Defendant argued that this statement led the jury to believe that since the police department had known prints of Mr. Davenport, that he had previously been arrested for another crime.
The trial judge did not err in denying the request for a mistrial. Lt. Woods' remark did not expressly or necessarily by implication refer to known fingerprints obtained in connection with other crimes. As to the first allegedly prejudicial statement, the witness's reference to the trouble given his brother-in-law by the defendant did not necessarily refer to criminal activity. Moreover, the judge admonished the jury against considering Mr. Butler's remark as evidence of defendant's guilt in the present case. Furthermore, the record does not reflect that the defendant was prejudiced in his defense by these remarks.

Assignment of Error Number Eleven
By this assignment, defendant argues that the trial court erred in allowing the state to elicit testimony concerning the circumstance surrounding the defendant's arrest. One of the state's witnesses, Detective Smith, testified over defense objection that when he and another officer arrived at the home of the defendant's mother, they announced that they had a warrant for defendant's arrest, and then went inside and found him hiding in a closet. The defendant argues that the evidence was irrelevant because the arrest occurred over a year after the offense and that there was no evidence to show any connection between the offense and his knowledge that he was being sought for the offense.
The defendant's argument is without reversible merit. Relevant evidence is evidence tending to show the commission of the offense and the intent, or tending to negative the commission of the offense and the intent. La.R.S. 15:441; State v. Ludwig, 423 So.2d 1073 (La.1982). The standard of relevancy adopted by our statutory evidence rules is based on logic and experience as opposed to a theory of a legal minimum of probative value adopted by some courts and championed by Wigmore. So long as the proffered evidence has a tendency to make a consequential fact more or less probable, the "logical" relevancy test is satisfied. Id. Consequently, relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Id. Evidence of the defendant's concealment and attempt to avoid apprehension was relevant, because it tended to indicate a consciousness of guilt and, therefore, one of the circumstances from which the jury could infer guilt.
*1196 However, the trial judge should exclude circumstantial evidence, even though logically relevant, if its probative value is outweighed by the risk that its admission will consume too much time, unnecessarily confuse the jury concerning the issues to be determined, tend to excite emotions of the jury to the undue prejudice of the opponent, or unfairly surprise the opponent. State v. Ludwig, supra. Nevertheless, we cannot say that the trial judge erred or abused his discretion in refusing to exclude the evidence of the defendant's concealment and attempt to avoid apprehension. Although the incident had little probative value as evidence of guilt of the crime charged, its prejudicial effect was also slight, and we are not prepared to say that the trial court unreasonably determined that it was outweighed by the probative force of the evidence.
Defendant's argument based upon State v. Lee, 381 So.2d 792 (La.1980) is inapposite. In Lee, we rejected as too broadly formulated the prior statements by this court and other authorities which indicated that evidence of flight is always admissible regardless of the circumstances. Instead, we held that when evidence of flight constitutes evidence of escape, and therefore evidence of another criminal act, the prosecution may not introduce such evidence of other criminal acts of the accused unless the evidence is substantially relevant for some other purpose than to show a probability that he committed the crime on trial because he is a man of criminal character. In the present case, the evidence of concealment did not constitute evidence of another crime and it was introduced for some other purpose than to show criminal character, viz., consciousness of guilt of the charged offense.

Assignments of Error Numbers Thirteen and Fourteen
In these assignments of error, the defendant contends that the trial court committed reversible error in failing to give two instructions requested by defense counsel. The first instruction was: "Fingerprint evidence alone is insufficient to establish guilt beyond a reasonable doubt."
La.C.Cr.P. art. 807 provides:
A requested special charge shall be given by the court if it does not require qualification, limitation or explanation, and if it is wholly correct and pertinent. It need not be given if it is included in the general charge or in another special charge to be given.
Defendant's requested jury charge did not meet the requirements of La.C.Cr.P. art. 807 in that it required explanation and qualification. In his brief to this court, the defendant claims that this charge was relevant because fingerprint evidence alone is not proof of guilt unless circumstances show that the fingerprint was impressed there at the time of the offense. However, that necessary qualification and explanation was not included within the requested jury charge.
The second requested jury charge was: "Fingerprint evidence is circumstantial evidence, not direct evidence." The judge gave this jury the instruction in his general charge:
Evidence is either direct or circumstantial. Direct evidence is evidence which, if believed, proves a fact. Circumstantial or indirect evidence is evidence which, if believed, proves a fact and from that fact you may logically and reasonably conclude that another fact exists. You cannot find a defendant guilty solely on circumstantial evidence unless the facts proved by the evidence exclude every reasonable hypothesis of innocence.
The requested jury charge does not meet the test of La.C.Cr.P. art. 807 because it was included in the general charge. The jurors should logically have been able to deduce that fingerprint evidence is circumstantial evidence from the definition of circumstantial evidence given in the jury charge. Therefore, the trial judge's refusal to give this jury charge was not reversible error.

*1197 Assignment of Error Number Nineteen

By this assignment, defendant argues that a rational trier of fact could not have found the defendant guilty beyond a reasonable doubt upon the evidence presented. Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the standard for review of a convicted defendant's attack on the sufficiency of the evidence to prove his guilt is judged by determining whether "after viewing the evidence in light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id.
At Davenport's trial on the burglary charge, essentially three pieces of evidence were presented to convict him: (1) A partial palm print, identified as belonging to the defendant, was found on the screen removed from the window through which the burglar gained access at the rear of the premises; (2) when the police came to arrest the defendant, he concealed himself in a closet in an apparent attempt to avoid arrest; (3) Mr. Butler, the owner of the premises, testified that he had seen the defendant prior to and after the burglary. His testimony conflicted with that of the defendant's mother who said the defendant had been in Houston for a month prior to the burglary.
As we stated in State v. Pryor, 306 So.2d 675, 677 (La.1975), the thrust of fingerprint cases from other jurisdictions is that a fingerprint of the accused found at the scene of an unauthorized entry or upon some object connected with the crime is, by itself, not evidence that the accused committed the offense if the evidence permits a reasonable inference that the fingerprint may have been placed there at a time other than the time of the offense.
We have concluded that, under the circumstances of this case, the palm print found on the screen taken from the rear window through which the burglar gained entry constitutes evidence from which a jury might draw a reasonable inference that the defendant had beyond a reasonable doubt committed the unauthorized entry at the time of the burglary. The evidence presented by the state reasonably excludes, if accepted by the jury, the hypothesis that the print was impressed at a time other than that of the crime. There is no evidence or indication in the record that the defendant was ever on the premises involved at a time other than that of the charged offense, and it appears that the chances are remote that he had at some other time innocently handled the rear window screen which the burglar removed to gain entry. Furthermore, we cannot say that, under the present record, it was impermissible for the jury to infer that the latent palm print found on the window screen had been made recently. See State v. Pryor, supra.

Supplemental Assignment Number One
This assignment of error relates to the length of defendant's sentence. Defendant was sentenced to serve seven years at hard labor with one-half year being without benefit of parole, probation or suspension of sentence. This is slightly more than half the statutory maximum for attempted simple burglary of an inhabited dwelling by a multiple offender.
A trial judge is vested with broad discretion in imposing sentence as this Court will not substitute its judgment for that of the trial court unless the sentence imposed is grossly out of proportion to the offense. State v. Roussel, 424 So.2d 226 (La.1982); State v. Lewis, 414 So.2d 703 (La.1982). The court cited as reasons for the sentence imposed that the defendant was a second felony offender, that he had pled guilty to at least one other misdemeanor charge, that defendant had skipped town when he found out about the warrant for which he was being tried; and that defendant caused difficulty for the authorities in bringing defendant to trial. We find that the judge did not abuse his discretion in sentencing this defendant to seven years.
The defendant's conviction and sentence are affirmed.
AFFIRMED.
*1198 CALOGERO, J., concurs, not entirely agreeing with the majority's treatment of Assignments of Error 1, 3, 4, 5.