Johnny Mack Uptain and Lyndon Bud Johnson were convicted of kidnapping in the second degree. Uptain was sentenced to imprisonment for ten years and one day. Johnson was sentenced as an habitual offender to life imprisonment. Their convictions must be reversed for two reasons.
 I
Both convictions must be reversed because of the trial court's failure to grant defense counsel's challenges for cause.
During voir dire of the jury venire, defense counsel asked:
 "Would any of you be more inclined to believe a law enforcement officer who testified simply because he is a law enforcement officer? Would you give more weight to his testimony simply because he wears a badge?"
Three jurors responded affirmatively. The court overruled all three defense challenges for cause and stated "That's the reason we have voir dire. . . ." None of the jurors were questioned further regarding their possible bias toward a police officer and there was no attempt to rehabilitate those jurors on that issue.
"A juror . . . who will unquestioningly credit the testimony of law enforcement officers over that of defense witnesses is not competent to serve." State v.Davenport, 445 So.2d 1190, 1193-94 (La. 1984). See alsoState v. Nolan, 341 So.2d 885 (La. 1977); Statev. Thompson, 331 So.2d 848 (La. 1976); State v.Johnson, 324 So.2d 349 (La. 1975); State v.Jones, 282 So.2d 422 (La. 1973); State v.Williams, 643 S.W.2d 832, 834 (Mo.App. 1982). "A juror who will not be governed by the established rules as to the weight and effect of the evidence is incompetent."Watwood v. State, 389 So.2d 549, 550 (Ala.Cr.App.), cert. denied, Ex parte Watwood, 389 So.2d 552 (Ala. 1980).
 "A challenge for cause is proper where it is shown that the mind of a juror is not free to hear and impartially consider the evidence and render a verdict thereon. Garlitz v. State, 71 Md. 293, 300, 18 A. 39 (1889). The fact that a prospective juror would give more weight to the testimony of a police officer plainly indicates his lack of impartiality — assurances to the court of an ability to weigh the evidence impartially being patently inconsistent — and the two challenges for cause in the proceedings below should have been sustained. State v. Jones, 282 So.2d 422
(La. 1973), on rehearing at 430; Harvin v. United States, 297 A.2d 774, 778 (D.C.App. 1972); Chavez v. United States, 258 F.2d 816 (10th Cir. 1958). In Harvin, the Court observed:
 " '[T]he very purpose of the voir dire
is to permit counsel to satisfy themselves that they have an impartial jury. Nothing could be plainer than that a predisposition to attach greater or lesser credence to any witnesses' testimony *Page 688 
is inconsistent with this fundament of our legal system. . . .' (Footnote omitted.)
 "And in Chavez, supra, the Court stated at p. 819:
 " 'But the inquiry should be directed to the question of whether the prospective juror would give greater or less weight to the testimony of a law enforcement officer than to that of another witness simply because of his official character. A defendant cannot be fairly tried by a juror who would be inclined to give unqualified credence to a law enforcement officer simply because he is an officer.' (Emphasis in original.)
 "For the view that prospective jurors need not be excused for cause when they respond that they would believe more readily a police officer when he is testifying 'as to matters for which he is trained,' see Parson v. State, 275 A.2d 777 (Del.Supr. 1971) [emphasis added] and, with respect generally to voir dire
interrogation concerning prejudice as to certain witnesses, see 47 Am.Jur.2d, Jury Sec. 285."
Tisdale v. State, 30 Md. App. 334, 353 A.2d 653,656-57 (1976).
"The denial or impairment of the right [of peremptory challenges] is reversible error without a showing of prejudice." Swain v. Alabama, 380 U.S. 202, 219,85 S.Ct. 824, 835, 13 L.Ed.2d 759 (1965), overruled on othergrounds by Batson v. Kentucky, 476 U.S. 79,106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Since the defendants were required to use peremptory challenges in order to eliminate the three venirepersons who had properly been challenged for cause, their total number of peremptories was effectively reduced by three. Tisdale, 353 A.2d at 657. "No right of a felon is more basic than the right to 'strike' a petit jury from a panel of fair-minded, impartial prospective jurors." Ex parte Beam, 512 So.2d 723, 724 (Ala. 1987) followed in Ex parte Rutledge, 523 So.2d 1118
(Ala. 1988).
Each defendant was represented at trial by his own defense counsel. The actual challenges for cause were made by Uptain's attorney. However, it is apparent that the trial court considered the objection of one attorney to apply to the other, unless otherwise indicated.
The error was preserved on behalf of each defendant and each is entitled to a new trial.
 II
The trial court charged the jury as follows:
 "Restraint is without consent if it is accomplished by physical force, intimidation or deception, or by any other means — I won't get into — It could be any other means — could be other things
— I won't get into what any other means might be, except any other means. If you accomplish it by any means, whether it's physical force, intimidation, deception or something else, then, that satisfies the definition of restraint." (Emphasis added).
Under the facts of this case, this charge is incorrect because the trial court charged that restraint is "without consent" if accomplished by "any means." Ala. Code 1975, §13A-6-40(1), provides:
 "Restraint is 'without consent' if it is accomplished by:
 "a. Physical force, intimidation or deception, or
 "b. Any means, including acquiescence of the victim, if he is a child less than 16 years old or an incompetent person and the parent, guardian or other person or institution having lawful control or custody of him has not acquiesced in the movement or confinement."
The victim in this case was twenty-four year old Donald Kirkland. He was not incompetent. Consequently, for the restraint to have been without consent it must have been accomplished by physical force, intimidation, or deception, as provided in subsection (1)(a) of § 13A-6-40. Only if the victim is less than sixteen years of age or incompetent is the restraint considered to be without consent if accomplished *Page 689 
by "any means" as provided by subsection (1)(b).
The judgments of the circuit court are reversed and the causes of Johnson and Uptain are remanded for a new trial.
REVERSED AND REMANDED.
All Judges concur.