Victor Mason was charged by indictment with unlawfully possessing a controlled substance, to-wit, LSD, in violation of the provisions of § 20-2-70, Code of Alabama 1975 as amended. Appellant entered a not guilty plea and at trial was found "guilty as charged in the indictment" by the jury. A sentencing hearing was held and, at this time, the trial court sentenced the appellant to 15 years' imprisonment in the state penitentiary as punishment.
The investigating officers in this cause were responding to a telephone call of a reported domestic dispute at the home of this appellant when they found the drug which constitutes the subject of this case. Because we find that reversible error occurred during the voir dire of the jury, we express no opinion on the facts of the case.
 I
Defense counsel filed a motion under Rule 10(f), A.R.A.P., amending the record in this cause to show what transpired during the voir dire of the jury venire. The record, which was ordered corrected by the trial judge, includes the following: (Supplemental Transcript "A" at pages 09 and 08)
"PROCEEDINGS
"(Whereupon, the following Proceedings were had:)
 "THE COURT: Now, ladies and gentlemen of the Jury; The attorneys are getting ready to start striking the Jury. We will take a short recess. Stay close to the courtroom.
 "MR. SUTLEY: Judge, I would like to make a Motion to Strike for cause for the juror that answered in the affirmative that they would give more weight to the expert witness than a lay witness. I want to strike for cause those jurors that said they would give more weight to a police officer's testimony than to a layman's testimony.
 "THE COURT: Well, none of them said that they would be prohibited from it. They said they had, would have a tendency to, and they also didn't say unequivocably *Page 128 
that they would. I deny your motion. "Jury struck.)"
Moreover, a proper motion under Rule 10(f), A.R.A.P., was filed in the trial court and the trial judge ordered the aforementioned motion included in the record on appeal and, also, the affidavit of defense counsel which is hereinafter quoted:
 "STATE OF ALABAMA "COUNTY OF BALDWIN
"AFFIDAVIT
 "My name is Laurence P. Sutley, and I am a licensed attorney practicing in Baldwin County, Alabama. On June 2, 1987, I was appointed to represent Victor Mason in his pending criminal case. On October 6, 1987, I was his counsel and I recall on that day I asked of all the members of the two panels of the jury venire — if any would give more weight or credence to a police officer's testimony than they would any other witness. The person who would later become the foreman of the jury, Lindon J. Lindsey, answered that he would give more weight to a police officer's testimony or an expert witness. Also the question was asked would anyone else give more weight or credence to an expert witness's testimony or a police officer and more than one juror responded that they would. The defendant made his motion to strike for cause which was denied by the Court. A copy of the Motion made and the Courts response is included from the transcript. There is no record of the exact responses by specific individuals. However more than one juror responding in the affirmative sat on the jury.
"Further affiant saith not.
"s/s L.P. Sutley
 "Sworn to and subscribed before me on this 24th day of February, 1988.
"/s/ Joan L. Brohowdry
"NOTARY PUBLIC
"My Commission Expires: 2-9-91
"(Seal)"
In light of the above, it is clear that the party selected by the jury to act as foreman, Lindon J. Lindsey, indicated that he would give more weight to the police officer's testimony or to an expert witness. This was also true of at least two other members of the venire.
Presiding Judge Bowen, in a cause entitled Uptain and Johnsonv. State, 534 So.2d 686 (Ala.Cr.App. 1988), this date decided, stated the following:
 " 'A juror . . . who will unquestionably credit the testimony of law enforcement officers over that of defense witnesses is not competent to serve.' State v. Davenport, 445 So.2d 1190, 1194
(La. 1984). See also State v. Nolan, 341 So.2d 885
(La. 1977); State v. Thompson, 331 So.2d 848 (La. 1976); State v. Johnson, 324 So.2d 349 (La. 1975); State v. Jones, 282 So.2d 422 (La. 1973); State v. Williams, 643 S.W.2d 832, 834 (Mo.App. 1982). 'A juror who will not be governed by the established rules as to the weight and effect of the evidence is incompetent.' Watwood v. State, 389 So.2d 549, 550 (Ala.Cr.App.), cert. denied, Ex parte Watwood, 389 So.2d 552 (Ala. 1980).
 " 'A challenge for cause is proper where it is shown that the mind of a juror is not free to hear and impartially consider the evidence and render a verdict thereon. Garlitz v. State, 71 Md. 293, 300, 18 A. 39 (1889). The fact that a prospective juror would give more weight to the testimony of a police officer plainly indicates his lack of impartiality — assurances to the court of an ability to weigh the evidence impartially being patently inconsistent — and the two challenges for cause in the proceedings below should have been sustained. State v. Jones, 282 So.2d 422 (La. 1973), on rehearing at 430; Harvin v. United States, 297 A.2d 774, 778 (D.C.App. 1972); Chavez v. United States, 258 F.2d 816 (10th Cir. 1958). In Harvin, the court observed:
 " ' "[The very purpose of the voir dire is to permit counsel to satisfy themselves that they have an impartial jury. Nothing could be plainer than that a predisposition to attach greater or lesser credence to any witnesses' testimony is inconsistent with this fundament *Page 129 
of our legal system. . . ." (Footnote omitted.)
 " 'And in Chavez, supra, the Court stated [258 F.2d] at p. 819:
 " ' "But the inquiry should be directed to the question of whether the prospective juror would give greater or less weight to the testimony of a law enforcement officer than to that of another witness simply because of his official character. A defendant cannot be fairly tried by a juror who would be inclined to give unqualified credence to a law enforcement officer simply because he is an officer." (Emphasis in original.)
 " 'For the view that prospective jurors need not be excused for cause when they respond that they would believe more readily a police officer when he is testifying "as to matters for which he is trained," see Parsons v. State, 275 A.2d 777
(Del.Supr. 1971) [emphasis added], and, with respect generally to voir dire interrogation concerning prejudice as to certain witnesses, see 47 AmJur.2d, Jury Sec. 285.'
 "Tisdale v. State, 30 Md. App. 334, 353 A.2d 653, 656-57 (1976).
 " 'The denial or impairment of the right [of peremptory challenges] is reversible error without a showing of prejudice.' Swain v. Alabama, 380 U.S. 202, 219 [85 S.Ct. 824, 835, 13 L.Ed.2d 759] (1965). Since the defendants were required to use peremptory challenges in order to eliminate the three venirepersons who had properly been challenged for cause, their total number of peremptories was effectively reduced by three. Tisdale, 353 A.2d at 657."
In view of the fact that the issue was here properly preserved for our review and the law as hereinabove set forth controls this matter, this court has no alternative but to reverse and remand this cause for a new trial. For the reasons shown, we pre-termit consideration of other assignments of error.
The judgment of the circuit court is hereby reversed and the cause remanded for a new trial.
REVERSED AND REMANDED.
All the Judges concur.