BASCHAB, Judge.
The appellant, Steven Wayne Tuggle, was found guilty in a jury trial of two counts of criminal trespass in the first degree, one count of burglary in the third degree, and one count of resisting arrest. The court sentenced the appellant to seven years in prison, pursuant to the Habitual Felony Offender Act, on the third degree burglary conviction. The court sentenced him to one year in prison on each of the criminal trespass convictions and to six months on the conviction for resisting arrest. The last three sentences were to run concurrently with the sentence on the burglary conviction.
The appellant argues that the trial erred by denying his challenge for cause of two veniremembers. During voir dire examination of the jury venire, defense counsel asked the following question: “Is there anybody here who would give more weight to a police officer’s testimony just because they are a police officer than you would to anybody else?” Two veniremembers, K.P. and D.L., responded affirmatively.[1] Neither of these *1348 veniremembers was questioned further about his or her possible bias in favor of a police officer, and the State made no attempt to rehabilitate those jurors on that issue. The appellant timely challenged these two venire-members for cause, and the court denied his challenge.
This court addressed this issue in Uptain v. State, 534 So.2d 686 (Ala.Cr.App.1988). In Uptain, several veniremembers indicated in voir dire examination that they would be more inclined to believe the testimony of a police officer than testimony by another witness. Neither party asked these venire-members any follow-up questions on this subject. Thereafter, Uptain challenged these veniremembers for cause, and the trial court denied the challenge. In reversing Uptain’s conviction, we held:
“ ‘A juror ... who will unquestioningly credit the testimony of law enforcement officers over that of defense witnesses is not competent to serve.’ State v. Davenport, 445 So.2d 1190, 1193-94 (La.1984). See also State v. Nolan, 341 So.2d 885 (La.1977); State v. Thompson, 331 So.2d 848 (La.1976); State v. Johnson, 324 So.2d 349 (La.1975); State v. Jones, 282 So.2d 422 (La.1973); State v. Williams, 643 S.W.2d 832, 834 (Mo.App.1982). ‘A juror who will not be governed by the established rules as to the weight and effect of the evidence is incompetent.’ Watwood v. State, 389 So.2d 549, 550 (Ala.Cr.App.), cert. denied, Ex parte Watwood, 389 So.2d 552 (Ala.1980).”
“‘A challenge for cause is proper where it is shown that the mind of a juror is not free to hear and impartially consider the evidence and render a verdict thereon. Garlitz v. State, 71 Md. 293, 300, 18 A. 39 (1889). The fact that a prospective juror would give more weight to the testimony of a police officer plainly indicates his lack of impartiality — assurances to the court of an ability to weigh the evidence impartially being patently inconsistent — and the two challenges for cause in the proceedings below should have been sustained. State v. Jones, 282 So.2d 422 (La.1973), on rehearing at 430; Harvin v. United States, 297 A.2d 774, 778 (D.C.App. 1972); Chavez v. United States, 258 F.2d 816 (10th Cir.1958).’ ”
Uptain v. State, 534 So.2d at 687 (some citations omitted); see also, Mason v. State, 536 So.2d 127, 128-29 (Ala.Cr.App.1988).
The appellant’s convictions must be reversed and this cause remanded for a new trial because of the trial court’s failure to grant two of the appellant’s challenges for cause.[2] Although the appellant raises other issues, because we are reversing on the challenge-for-cause issue, we need not address those issues in this opinion.
REVERSED AND REMANDED.
All judges concur.

. A third veniremember, W.C., initially indicated that he probably would lend greater weight to a police officer’s testimony because many of his friends were police officers. However, W.C. then stated that he was "still going to listen to the evidence,” and that he would “draw [his] own conclusion based on the evidence in the case.” Because there is no indication that W.C. could not have given the appellant a fair trial, the *1348 trial court did not err by refusing to strike him for cause.

. The appellant actually argues that the trial court erroneously denied his challenge for cause as untimely. The appellant's challenge was timely because it was made before the parties started striking the jury. See, Committee Comments, Rule 18.4(e), Ala.R.Crim.P. Therefore, the trial court had the ability to bring the venire back into the courtroom for further voir dire. The State argues, and we agree, that the trial court denied this challenge because it believed the challenge was without merit.