BASCHAB, Judge.
The appellant, Arthur Gilmore Davis, was convicted of unlawful distribution of a controlled substance (cocaine), a violation of § 13A-12-211, Ala.Code 1975. The trial court sentenced him, as a habitual offender, to serve a term of life in prison. See § 13A-5-9(c)(2), Ala.Code 1975. In addition, it enhanced his sentence by five years because the sale occurred within three miles of a school and an additional five years because the sale occurred within three miles of a public housing project. See §§ 13A-12-250 and 13A-12-270, Ala. Code 1975. Finally, the trial court imposed a $1,000 Demand Reduction Assessment Act fine. See § 13A-12-281, Ala. Code 1975. The appellant filed a motion for a new trial, which the trial court summarily denied. This appeal followed.
The appellant argues that the trial court improperly refused to excuse two prospective jurors for cause. Although the voir dire examination of the prospective jurors is not included in the record on appeal, the record does contain the following discussion regarding the appellant’s challenges for cause:
“[DEFENSE COUNSEL]: Judge, the defense would like to challenge number 564 for cause.... I believe I’ve got in my notes he indicated that he just couldn’t be very fair and that he would tend to believe the police officers. ...
“[PROSECUTOR]: Judge, also, [defense counsel] asked him if he presumed the defendant was guilty. He said he did not presume that the defendant is guilty.
“[DEFENSE COUNSEL]: He did say that, that’s true.
“THE COURT: Well, I’m going to deny the motion on that particular juror. I think you can do a peremptory challenge on it and it’s not one for cause. So I would sustain on it. I would overrule the motion for a challenge for cause on that juror. Go ahead.
“[DEFENSE COUNSEL]: ... Number 552, [J.M.].... I think unequivocally the last question I asked he seemed to indicate that he would certainly believe the police over any witness.... He’s indicated that he would certainly favor the police more than he would any other witness.
“THE COURT: All right. I’ll overrule. I think the last question I asked: “Was there any of them that could not base their verdict solely on the law and *896 the evidence that they have heard.’ So I will overrule on that one, too.”
(R. 30-31) (emphasis added).
In Uptain v. State, 534 So.2d 686, 687 (Ala.Crim.App.1988), we held:
“Both convictions must be reversed because of the trial court’s failure to grant defense counsel’s challenges for cause.
“During voir dire of the jury venire, defense counsel asked:
“ ‘Would any of you be more inclined to believe a law enforcement officer who testified simply because he is a law enforcement officer? Would you give more weight to his testimony simply because he wears a badge?’
“Three jurors responded affirmatively. The court overruled all three defense challenges for cause and stated ‘That’s the reason we have voir dire....’ None of the jurors were questioned further regarding their possible bias toward a police officer and there was no attempt to rehabilitate those jurors on that issue.
“ ‘A juror ... who will unquestioningly credit the testimony of law enforcement officers over that of defense witnesses is not competent to serve.’ State v. Davenport, 445 So.2d 1190, 1193-94 (La.1984). See also State v. Nolan, 341 So.2d 885 (La.1977); State v. Thompson, 331 So.2d 848 (La.1976); State v. Johnson, 324 So.2d 349 (La.1975); State v. Jones, 282 So.2d 422 (La.1973); State v. Williams, 643 S.W.2d 832, 834 (Mo.App.1982). ‘A juror who will not be governed by the established rules as to the weight and effect of the evidence is incompetent.’ Watwood v. State, 389 So.2d 549, 550 (Ala.Cr.App.), cert. denied, Ex parte Watwood, 389 So.2d 552 (Ala.1980).
“ ‘A challenge for cause is proper where it is shown that the mind of a juror is not free to hear and impartially consider the evidence and render a verdict thereon. Garlitz v. State, 71 Md. 293, 300, 18 A. 39 (1889). The fact that a prospective juror would give more weight to the testimony of a police officer plainly indicates his lack of impartiality — assurances to the court of an ability to weigh the evidence impartially being patently inconsistent — -and the two challenges for cause in the proceedings below should have been sustained. State v. Jones, 282 So.2d 422 (La.1973), on rehearing at 430; Harvin v. United States, 297 A.2d 774, 778 (D.C.App.1972); Chavez v. United States, 258 F.2d 816 (10th Cir.1958).’ ”
See also Tuggle v. State, 709 So.2d 1347 (Ala.Crim.App.1997); Mason v. State, 536 So.2d 127, 128-29 (Ala.Crim.App.1988). Although we will not presume error from a silent record, based on the portion of the record that is before us, it appears that the trial court may have erred in denying the appellant’s challenges for cause as to these two prospective jurors. Therefore, we remand this case to the trial court with instructions that it make specific, written findings as to whether the prospective jurors were questioned further regarding any possible biases they may have had in favor of law enforcement officers or whether they were rehabilitated on that issue. On remand, if necessary, the trial court may conduct an evidentiary hearing on this matter. The trial court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 42 days after the release of this opinion. The return to remand shall include the trial court’s specific, written findings and a transcript of the evidentiary hearing, if any.
*897 REMANDED WITH INSTRUCTIONS. 
LONG, P.J., and McMILLAN and FRY, JJ., concur; COBB, J., recuses herself.