STATE of Missouri,
Plaintiff-Respondent,

v.

Robert HOGSHOOTER,
Defendant-Appellant.

No. 12553.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 8, 1982.

Motion for Rehearing or to Transfer to Supreme Court Denied Oct. 22, 1982.

---

John D. Ashcroft, Atty. Gen., Jay A. Daugherty, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Larry M. Burditt, Warsaw, for defendant-appellant.

GREENE, Chief Judge.

Defendant, Robert Hogshooter, was jury-tried and convicted of stealing two Santa Gertrudis bulls, a class C felony, § 570.030.-2(3)(h).[1] The jury recommended a five-year sentence, which was enhanced by the trial court to eight years' imprisonment due to Hogshooter's three prior felony convictions.

Hogshooter raises three issues on appeal which are 1) insufficient evidence to support the conviction, 2) lack of speedy trial, and 3) a fatal variance between the verdict directing instruction (No. 6) and the evidence.

The state's evidence at trial established that two registered Santa Gertrudis bulls were stolen from the Polk County farm of John Bayless on the night of February 23, 1980. One of the bulls was owned by Bayless and his wife, while the other was owned by Mr. and Mrs. Lee Smith and Mr. and Mrs. Roger Hamlett. The theft was reported to the sheriff of Polk County who, after an investigation, located one of the bulls on a farm near Poplar Bluff, Missouri, and the other bull in Arkansas. The bulls

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R., and all references to statutes are to RSMo 1978, V.A.M.S.

had been traced through the Central Livestock Auction of Poplar Bluff, where they had been sold by Hogshooter on February 25. Two checks were issued by the owner of the auction company in payment for the bulls, one to Hogshooter, and the other to Nathan Carter, a business associate of Hogshooter. The check to Carter was in payment of a debt that Hogshooter owed him, and was issued with Hogshooter's knowledge and consent. Hogshooter told the sheriff of Polk County he sold the bulls for Lowell Woods, who had stolen them. Hogshooter did not present any evidence at trial.

## SUFFICIENCY OF EVIDENCE

In reviewing the sufficiency of evidence, this court does not weigh the evidence, but instead determines if there was sufficient evidence from which reasonable persons could have found the defendant guilty as charged. We accept as true all evidence tending to prove defendant's guilt and reject all evidence to the contrary. *State v. Kelly,* 539 S.W.2d 106, 109 (Mo. banc 1976). Where, as here, the conviction rests upon circumstantial evidence, the circumstances must 1) be consistent with each other, 2) tend to prove defendant's guilt, 3) be consistent with the hypothesis of defendant's guilt, and 4) be inconsistent with the hypothesis of defendant's innocence. *State v. Potter,* 530 S.W.2d 268, 270 (Mo.App. 1975).

The only evidence presented by way of explanation as to Hogshooter's possession of the stolen bulls came from Sheriff Simmons who related on cross-examination that Hogshooter told him he did not know the bulls were stolen and that he was selling the bulls for someone else. The jury had the right to accept that testimony as true or reject it. By rejecting this explanation, the possession of the bulls by Hogshooter remained unexplained. *State v. Kramer,* 534 S.W.2d 281, 284 (Mo.App.1976). An unexplained possession of recently stolen property is sufficient to sustain a conviction of stealing that property. *State v. Armstrong,* 445 S.W.2d 367, 368 (Mo.1969).

The evidence was sufficient to sustain the conviction.

## SPEEDY TRIAL ISSUE

Defendant alleges that the trial court erred in denying his motion to dismiss for lack of a speedy trial for the reason that 1) the 19½ month delay between the time he was originally charged with the crime and the date of trial was constitutionally impermissive, and 2) he was not tried within 180 days from the date on which the information on the charge of which he was convicted *should* have been filed. The legal history of the case is as follows.

On April 11, 1980, a felony complaint was filed against Hogshooter in Polk County, charging him with stealing the bulls. The record indicates defendant entered into a plea bargain agreement with the prosecuting attorney whereby Hogshooter agreed to testify against Lowell Woods, who had been charged with the theft in a separate complaint. The preliminary hearing in Hogshooter's case was continued several times at his request so that he could fulfill the plea bargain agreement. The agreement terminated when Hogshooter refused to testify against Woods at the time of trial.

Polk County changed prosecutors on January 1, 1981. On January 8, 1981, the new prosecutor, evidently unaware that the old charge was still pending, filed a new felony complaint, identical to the original, charging Hogshooter with theft of the bulls. Due to an apparent clerical error, the original complaint was not dismissed until March 11, 1981.

The associate circuit judge who was to conduct the preliminary hearing on the new charge disqualified himself on the new charge and another judge was assigned. A preliminary hearing was set for February 26. On that date, Hogshooter appeared without counsel and asked that the preliminary hearing date be continued. This was done, and the date reset for March 12. On that date, defendant appeared with retained counsel and waived preliminary hearing. Arraignment was set for April 20.

Hogshooter's attorney withdrew, and a new defense attorney was appointed, who withdrew a few days later. The felony information was filed on June 13, a third attorney was appointed, and defendant entered a plea of not guilty on June 24. The case was set for trial for August 5. Motions to dismiss, to suppress evidence, to compel disclosure, for a change of venue, and to remand were then filed by defense counsel. On August 19, Hogshooter filed a request for a speedy trial, followed by a motion to dismiss for lack of a speedy trial on November 5.

The motion for change of venue was sustained and the cause transferred to Hickory County. The case was reset for November 6, and continued at the request of defendant to December 4, when it was tried.

■ In determining whether lack of a speedy trial violated the constitutional rights of an accused, a balancing test is used in which the conduct of the prosecution and the accused are weighed. *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). This test is applied on a case by case basis. Elements to consider are 1) length of delay, 2) reason for delay, 3) defendant's assertion of his right, and 4) prejudice to defendant. *State v. Powers,* 612 S.W.2d 8, 12 (Mo.App.1980).

■ Hogshooter does not allege in his brief filed here that he was prejudiced by the delay, and we find no prejudice in the record itself. The record also shows that almost all of the delay was caused by the actions of Hogshooter and his numerous attorneys by filing motions requesting continuances, withdrawing as counsel, etc. The trial court's conduct in preserving defendant's right to competent counsel and due process of law was exemplary.

There is absolutely nothing in the record to show that the prosecuting attorney, or the trial court, sought or obtained any tactical advantage over the defendant by any delaying tactic. The first charge was dismissed. The second was tried within a reasonable length of time, all things considered. The point has no merit.

· INSTRUCTION NO. 6

■ Defendant alleges there was a fatal variance between this instruction and the evidence actually presented concerning ownership of the two bulls. This complained of error has not been preserved for appellate review for the following reasons: 1) the instruction is not set out in full in defendant's brief filed with this court [Rule 30.06(e) ], and is not contained in the record [Rule 30.04(a) ]; 2) the instruction was not challenged by defendant prior to submission of the case to the jury [*State v. Dobson,* 303 S.W.2d 650, 651 (Mo.1957); *State v. Seaman,* 625 S.W.2d 950, 952–953 (Mo.App. 1981) ]; and, 3) Hogshooter does not allege any specific prejudice which resulted because of the alleged variance. Nevertheless, we review the alleged variance for plain error. Rule 30.20, V.A.M.R.

The portion of the instruction furnished to us by defendant reads as follows:

"First, that on or about the 23rd day of February, 1980, in the County of Polk, State of Missouri, the Defendant appropriated two Santa Gertrudis bulls, ·one being owned by John Bayless and one being owned by Lee Smith, and without their consent, and . . ."

Defendant alleges that the instruction hypothesized ownership of the bulls in John Bayless and Lee Smith, and that the evidence presented disclosed that one bull was owned by John Bayless and his wife and the other bull was owned by Lee Smith and his wife and Roger S. Hamlett and his wife. He further alleges that he relied upon the state's inability to properly prove ownership of the bulls as charged, so, therefore, the instruction was prejudicial to him.

■ An information charging that an offense has been committed affecting property belonging to more than one owner may allege that such property belongs to any one or more of them. *State v. Martin,* 357 Mo. 368, 208 S.W.2d 203, 208 (1948); *State v. Teague,* 33 S.W.2d 907, 908 (Mo.1930); Rule 23.02(b); *State v. Riley,* 100 Mo. 493, 498, 13 S.W. 1063 (1890). Giving an instruction listing the same owner(s) as in the

information, despite proof at trial of additional owners, can hardly be erroneous, let alone error that resulted in manifest injustice. *State v. Nicoletti,* 344 Mo. 86, 92, 125 S.W.2d 33, 36 (1939). The point has no merit.

The judgment is affirmed.

All concur.