STATE of Missouri, Respondent,

v.

Samuel WILLIAMS, Appellant.

No. 44127.

Missouri Court of Appeals,
Eastern District, Division Three.

Oct. 26, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 17, 1982.

John Putzel, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Priscilla Gunn, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant was convicted by a jury of attempted robbery in the first degree. He was sentenced to seventeen years imprisonment as a persistent offender. On appeal, the seminal issue is a refusal of the trial court to sustain defendant's challenge for cause of a retired police department employee venireman. We reverse and remand.

Our standard of review was enunciated by the Missouri Supreme Court in *State v. Treadway,* 558 S.W.2d 646, 649 (Mo.banc 1977), *cert. denied,* 439 U.S. 838, 99 S.Ct. 124, 58 L.Ed.2d 135 (1978):

> In determining the qualifications of a prospective juror, the trial court has very wide discretion, and the court's ruling will not be disturbed on appeal unless it is clearly against the evidence and constitutes a clear abuse of discretion .... All doubt should be resolved in favor of the trial court because he is in a far better position to determine a challenge for cause than an appellate court....

During the voir dire examination of the jury panel, venireman Brandt stated he, "had been employed by the police department for thirty-seven years as an Administrative Assistant in the Bureau of Inspections, a civilian employee position. His job concerned complaints lodged against police officers. He was the department notary. He had testified in court from time to time, exclusively for the police department. He indicated that in his experience in taking affidavits from complainants against police he had an inclination to take a police officer's word over someone else's."

The following colloquy occurred between the prosecutor and venireman Brandt:

Q. Now, knowing that there will be two police officers testifying in this case and again, we're going back to the same ideas, you may have strong feelings but can you set them aside and try your best to give both sides a fair trial?

A. I will try.

Q. Could you set that aside and give both sides a fair trial? A. (Shaking head.)

Q. You could? Thank you, sir.

\* \* \* \* \* \*

Q. Mr. Brandt, let me ask you this. Irrespective to what has happened in the police department, you understand your function as a juror is to pass upon the testimony that comes from the witness stand in this particular case and keeping that in mind, do you think you would judge the testimony of the police officers in this case the same way as you would if they were civilians?

A. If they were under oath I believe I could.

Q. If they were under oath? Every witness that comes in this courtroom would be under oath.

A. Yes.

Q. And, in that particular regard would you judge their testimony, even though the witnesses are police officers, with same standard you would the testimony of a civilian witness?

A. As long as they are under oath.

Q. Would not give them any more favorable or disfavorable—

A. I don't believe I would, under those circumstances.

THE COURT: Motion denied.

■ While a former affiliation with law enforcement, standing alone, is not grounds for a challenge of cause, *State v. Petty,* 610 S.W.2d 126, 127 (Mo.App.1980), the record in this case reveals a close question of possible bias of a juror toward the testimony of a policeman.

■ The colloquy with venireman Brandt discloses both affiliation and equivocal responses. "[W]here a venireman expresses a fixed partiality toward peace officer testimony per se—as a generic class ..., the bias of credibility contrary to the interest of the complainant-litigant disqualifies service as a juror." *State v. Owens,* 620 S.W.2d 448, 450 (Mo.App.1981).

The tenor of venireman Brandt's responses during voir dire by the prosecutor were as follows: "[a]s long as they are under oath", "[s]haking head", "I believe I could" and finally, in response to whether he would treat any witness more favorably than another he said, "I don't believe I would." After having expressed a preference for police officer testimony, the responses lack an unequivocal conviction that he could evaluate all testimony by the same standard and accord both sides a fair trial.

■ The trial judge did not question the prospective juror. Where a juror gives equivocal answers which reveal uncertainty as to his ability to be impartial, the absence of an independent examination by a trial judge justifies a more searching review by an appellate court of the challenged juror's qualifications. *State v. Ealy,* 624 S.W.2d 490, 493 (Mo.App.1981).

Defendant also complains about the court sustaining a challenge for cause by the state. This point has been rendered moot by the decision.

We reverse and remand.

CRANDALL, P.J., and REINHARD, J., concur.