**STATE of Missouri, Respondent,**

v.

**Adell WILLIS, Jr., Appellant.**

No. 48434.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 19, 1985.

Terry J. Flanagan, St. Louis, for appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Judge.

Defendant, Adell Willis, Jr., appeals from his convictions, after a jury trial, of burglary in the second degree and stealing over $150. He was sentenced as a persistent offender to concurrent terms of imprisonment of fifteen years on each count. We reverse and remand.

■ Since defendant does not challenge the sufficiency of the evidence, it is adequate to state that substantial evidence was adduced by the State from which a jury could find beyond a reasonable doubt that defendant was guilty as charged. For reasons to be discussed below, we note that three of the five witnesses for the State were police officers. One of the officers identified the defendant as a man he saw fleeing from a car the night of the burglary. Two officers testified that the car contained the stolen goods.

Defendant first alleges error in the trial court's failure to sustain his challenge for cause to Venireman Tracy.[1] The following excerpts from the voir dire examination provide the basis for defendant's claim:

[MR. EVANS, PROSECUTING ATTORNEY]: Now, as you noticed, some of the witnesses the State will be calling to the witness stand to testify here, are police officers. Now, is there any among you here would give either more or less weight to their testimony, simply because they are police officers? Other witnesses will be lay witnesses, or non-police officers. Is there any among you here who would tend to believe a person simply because they are a police officers or solely disbelieve them simply because they are a police officer? I take it by your silence you would not.

\*     \*     \*     \*     \*     \*

[MR. EVANS]: Is there anyone here related to a law enforcement official or lawyer? Anyone in this section here? Mr. Tracy, you have your hand up?

MR. TRACY: Yes.

MR. EVANS: You are related to a law enforcement official?

MR. TRACY: Yes.

MR. EVANS: Is this person a police officer?

MR. TRACY: Yes.

MR. EVANS: St. Louis County?

MR. TRACY: St. Louis City.

MR. EVANS: What relation did you bear to the person?

MR. TRACY: Cousin.

MR. EVANS: Have you had occasion to discuss your cousin's job?

MR. TRACY: Yeah.

MR. EVANS: To any great extent?

MR. TRACY: No. I don't see him that often.

MR. EVANS: Thank you, sir. Anyone else related to a law enforcement official?

\*     \*     \*     \*     \*     \*

MR. EVANS: Mr. Tracy?

MR. TRACY: You didn't ask me that question after I told you my cousin was a policeman. I think you asked us that before who the witnesses were going to be police officers. And, it is a question to me. I may place a little more reliance on a policeman.

MR. EVANS: You realize, Mr. Tracy—

MR. TRACY: —Now that I have had a little time to think about it.

MR. EVANS: You realize, police officers and all witnesses in criminal cases, before they give testimony, raise their right hand and give an oath?

MR. TRACY: Yes.

MR. EVANS: If you are a juror, can you sit back and view their testimony and follow the instructions of the court, sit back and go by their demeanor?

MR. TRACY: Their demeanor and everything might influence me more than what they are saying, just the fact they are a police officer.

1. We accept as true the documentation in the legal file which shows that defendant was forced to exercise one of his peremptory challenges to remove Venireman Tracy from the jury panel. *See State v. Morrison,* 557 S.W.2d 445, 447 n. 2 (Mo. banc 1977).

MR. EVANS: Is this due to your relationship to your cousin, the detective?

MR. TRACY: Yes.

MR. EVANS: Thank you for your candor, Mr. Tracy. Is there anyone else who would like to ask anything here? Does anyone know any attorneys and have any close dealings with attorneys, or friends?

\*　　\*　　\*　　\*　　\*　　\*

[MR. COFMAN, DEFENSE COUNSEL]: Mr. Tracy, I am not going to try and pick on you. You indicate that if a police officer were to come in, you might give more weight and credibility to that police officer than to anyone else who might testify?

MR. TRACY: Mainly because of the relationship with my cousin, I don't have anything against the defendant.

MR. COFMAN: I don't mean to pick on you, but there are some people who think well, if he were here, he is guilty and if he were some place else, he'd be innocent.

\*　　\*　　\*　　\*　　\*　　\*

MR. COFMAN: My question is, is there anyone here who is going to give greater weight and credibility to the identification that a police officer might give than to maybe a lay person who would come in and testify, with the exception of Mr. Tracy? Okay. Mrs. Wolfe, you feel you would?

MS. WOLFE: I feel that I consider a police officer a trained observer and I would give that identification more credibility than an ordinary person.

MR. COFMAN: Mr. Mulcahy?

MR. MULCAHY: Same thing.

MR. COFMAN: You feel they would gather certain experience through training that would better allow them to identify someone?

MR. MULCAHY: Just that they are a trained observer. As such, I would put more credibility into their observation than I would the untrained person.

MR. COFMAN: Mr. Tracy?

MR. TRACY: That has nothing to do with my relationship with my cousin. I feel the same way these people would.

\*　　\*　　\*　　\*　　\*　　\*

MR. COFMAN: Mr. Tracy, speaking about fair and impartial, the cliche is, what do you feel, based on your relationship with your cousin and giving more weight and credibility to a police officer before you hear the testimony, whether you feel you can be a fair and impartial juror in this case. You don't feel you could; is that correct?

MR. TRACY: I feel I am apprehensive about it.

\*　　\*　　\*　　\*　.　\*　　\*

MR. COFMAN: We move to strike for cause Mr. Tracy, juror number 7.

THE COURT: I will overrule the Motion to Strike for Cause. I feel he has stated that his only feeling is that a police officer is a trained observer, since he agreed with the others that his only prejudice would be with that respect.

MR. EVANS: He said it might.

THE COURT: He later said it would not have any effect, whatsoever, on his trial of Willis and his feelings were the same as jurors 26 and 27.

The general principles of voir dire have been recently summarized by the Missouri Supreme Court:

> To protect the defendant's right to a jury free from objectively demonstrated and subjectively sensed partiality, he must be afforded a full panel of qualified veniremen from which to make his allotted peremptory challenges. While trial court refusal to sustain a valid challenge for cause constitutes reversible error, it is well established that the trial court has wide discretion in determining the qualifications of a venireman, and its decision thereon will not be disturbed absent a clear abuse of discretion and real probability of injury to the complaining party. A clear line cannot be drawn for all cases as to when a challenge for cause should be sustained; there will be instances in which an appellate court might have

done differently but cannot say there was an abuse of discretion; each case must be judged on its particular facts; a determination by the trial judge of the qualifications of a prospective juror necessarily involves a judgment based on observation of his demeanor and, considering that observation, an evaluation and interpretation of the answers as they relate to whether the venireman would be fair and impartial if chosen as a juror. Because the trial judge is better positioned to make that determination than are we from the cold record, doubts as to the trial court's findings will be resolved in its favor.

*State v. Smith*, 649 S.W.2d 417, 422 (Mo. banc 1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 262, 78 L.Ed.2d 246 (1983) (citations omitted).

■■■ Given this wide discretion, it is nevertheless true that a closer scrutinization by appellate courts is justified when the trial court does not independently examine a venireman who expresses doubt as to his ability to be fair and impartial. *State v. Williams*, 643 S.W.2d 832, 834 (Mo.App.1982); *State v. Ealy*, 624 S.W.2d 490, 493 (Mo.App.1981). If a venireman expresses a fixed partiality toward police testimony per se, as a generic class, the bias of credibility contrary to the interest of the defendant disqualifies the venireman from service as a juror. *State v. Williams*, 643 S.W.2d at 834.

A review of the voir dire examination of Venireman Tracy shows a prospective juror who, at best, is uncertain and ambiguous in his answers or, at worst, is actually biased to such an extent that he would be unable to give the defendant a fair and impartial trial.

In *State v. Smith*, 649 S.W.2d 417, a prospective juror equivocated in his response to questions asked touching upon his ability to give the defendant a fair trial. Upon inquiry by the trial judge, the venireman was rehabilitated and the motion to strike him for cause was properly overruled. Thus the record on appeal showed a basis for the exercise of the trial judge's discretion. In *State v. Miller*, 655 S.W.2d 797 (Mo.App.1983), a prospective juror initially equivocated in his answers but later rehabilitated himself. Again the record on appeal provided a basis for upholding the trial judge's denial of the defendant's challenge for cause.

In this case the venireman was never rehabilitated. *State v. Williams*, 643 S.W.2d at 834. Mr. Tracy's expressed opinions went beyond a mere agreement with Veniremen Wolfe and Mulcahy that a police officer was a trained observer. *Compare State v. Dickerson*, 588 S.W.2d 190, 193 (Mo.App.1979). Tracy was related to a law enforcement officer, and because of that relationship was "apprehensive" about his ability to give the defendant a fair trial. Further, the credibility of the police officers who testified was the key issue in the case, thus making the failure to strike this venireman more significant. *Compare State v. Smith*, 649 S.W.2d at 424, and *State v. Butler*, 660 S.W.2d 225, 227 (Mo. App.1983).

■■■ We therefore find a clear abuse of discretion by the trial court in overruling defendant's challenge for cause of Venireman Tracy. In so holding we observe that given the large pool of prospective jurors available for service in a criminal case "[e]rrors in the exclusion of potential jurors should always be made on the side of caution." *State v. Carter*, 544 S.W.2d 334, 338 (Mo.App.1976).

In view of our holding, we decline to address defendant's second point. The judgment of the trial court is reversed and the cause is remanded for a new trial.

DOWD, P.J., and CRIST, J., concur.