**STATE of Missouri, Respondent,**

v.

**Eddie HILL, Appellant.**

**No. 50462.**

Missouri Court of Appeals,
Eastern District,
Division Four.

June 10, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 9, 1986.

Application to Transfer Denied
Sept. 16, 1986.

Deborah L. Stockhausen, Office of the Public Defender, St. Louis, for appellant.

John M. Morris, III, Office of the Atty. Gen., Jefferson City, for respondent.

CRANDALL, Presiding Judge.

Defendant, Eddie Hill, was convicted, after a jury trial, of robbery first degree, kidnapping and armed criminal action. The jury recommended sentences of imprisonment of fifteen years, ten years and ten years respectively. The trial court set aside the armed criminal action conviction and discharged defendant on that count. Defendant was then sentenced to terms of imprisonment of fifteen years for the robbery and ten years for the kidnapping, to be concurrent with each other, but consecutive to a sentence imposed for an unrelated conviction. This appeal follows. We affirm.

Defendant does not challenge the sufficiency of the evidence. The victim was getting into her car in the City of St. Louis when defendant forced his way into the automobile by threatening her with what appeared to be a weapon. He ordered her to drive away and later robbed her of jewelry and money before he released her.

The evidence to support the kidnapping and robbery convictions was extremely strong. It became unassailable when defendant testified that he was guilty of the robbery and kidnapping and that he had used a toy gun as the weapon.

In his sole point on appeal, defendant asseverates error in the trial court's failure to sustain his challenge for cause to Venireperson Thomas. The following excerpts from the voir dire examination provide the basis for defendant's claim:

THE COURT: Any other response? Yes, ma'am.

JUROR THOMAS: My brother was a victim of a robbery.

THE COURT: All right. Again, Counsel will question you in that respect. But that is not important unless you feel because of that you would be unable to follow the instructions of the Court. Is that what you're saying? Because of that incident, you don't feel you would be able to follow my instructions? ... What about you, ma'am?

JUROR THOMAS: I don't think that I would have an unbiased opinion. My brother's dead because of it.

THE COURT: All right. As I say, counsel will question you further with respect to that....

*      *      *      *      *      *

[PROSECUTOR]: How about the twelve people in the first two rows? Some experience involving other than violent crimes that makes you feel you might not be able to be fair and open-minded. Okay. I don't see any responses to that at all.

THE COURT: Excuse me, Mr. Randall. Did you inquire of Miss Thomas further?

[PROSECUTOR]: Oh, I'm sorry. No, I didn't.

THE COURT: See, you broke my promise.

[PROSECUTOR]: Miss Thomas, you had indicated previously that you had an incident that you felt would affect your ability to be fair. Can you tell me about that specifically?

JUROR THOMAS: Well, I don't know what kind of evidence would come out here in this particular case, but my

brother was attacked on the way home from work in 1945 by a group of boys, and he was stabbed, and five months later he died from his wound.

[PROSECUTOR]: At this point, it's not a time where I can get into the specific evidence in this case, but you do at least know the charges are robbery and kidnapping and armed criminal action. We're alleging that a weapon was used in the commission of these crimes. Do you feel that in light of these types of charges and what happened to your brother, that you could or could not be fair in this case and open-minded?

JUROR THOMAS: I would like to think that I could be, but I can't be sure. He was very dear to me.

[PROSECUTOR]: If I could put it a little more simply possibly, if you were on this jury and you heard the evidence and the evidence didn't convince you beyond a reasonable doubt that the defendant was guilty, do you think you might still vote to convict the defendant—

JUROR THOMAS: Oh, no.

[PROSECUTOR]: —because of what you know happened to your brother?

JUROR THOMAS: No.

[PROSECUTOR]: Do you think your ability to fairly evaluate the evidence would be affected by your knowledge of what happened to your brother?

JUROR THOMAS: I would like to think not.

\*   \*   \*   \*   \*   \*

[DEFENSE COUNSEL]: Miss Thomas, would your prior incident in your family affect you as you'd be listening to the witnesses testify?

JUROR THOMAS: As I stated to the circuit attorney, I would hope it wouldn't. I can't say for sure.

[DEFENSE COUNSEL]: Would you be reliving what had happened to you and your family while the witness would be testifying?

JUROR THOMAS: I can't say. That's a hypothetical. I can't say. But I would hope not.

\*   \*   \*   \*   \*   \*

[DEFENSE COUNSEL]: Juror 426, Wilma Thomas, for cause. Her statements regarding the prior incident with her brother being a victim, her statement was she would hope it would not affect her, but she could not say if in fact it would. I believe case law is clear on that that they must be dispositive regarding that response; that her equivocation shows that she could very likely be due to the tragedy that has befallen a member of her family.

THE COURT: Juror number 426, motion for discharge is denied.

■■■ An accused must be afforded a full panel of qualified jurors before he is required to expend his allotted peremptory challenges. *State v. Stewart,* 692 S.W.2d 295, 298 (Mo.1985). In determining the qualifications of a prospective juror, the trial court is accorded wide discretion. *State v. Hemphill,* 669 S.W.2d 633, 635 (Mo.App.1984). The trial court's ruling on a challenge for cause will not be disturbed on appeal unless it constitutes "a clear abuse of discretion and real probability of injury to the complaining party." *State v. Smith,* 649 S.W.2d 417, 422 (Mo. banc 1983), *cert. denied,* 464 U.S. 908, 104 S.Ct. 262, 78 L.Ed.2d 246 (1983).

■■ In determining when a challenge for cause should be sustained, each case must be judged on its facts. *State v. Hopkins,* 687 S.W.2d 188, 190 (Mo.1985). Errors in the exclusion of potential jurors should always be made on the side of caution. *Id.*

■■■ A relationship to someone who has experienced a violent crime, by itself, is not sufficient reason to challenge a juror for cause; but, when this relationship combines with other factors to indicate a lack of impartiality, that challenge for cause must be sustained. *Id.* Closer scrutiny by the appellate court is justified when the trial court does not independently examine a venireperson who expresses doubt as to

his ability to be fair and impartial. *State v. Willis*, 688 S.W.2d 38, 41 (Mo.App.1985).

■ A review of the voir dire examination of Venireperson Thomas discloses a prospective juror who, at best, is uncertain and ambiguous in her answers or, at worst, is actually biased to such an extent that she would not be able to give defendant a fair and impartial trial. *See, e.g., Id.* Moreover, the trial court's failure to inquire further of Venireperson Thomas did nothing to resolve the doubt created by her equivocal responses. *See, e.g., State v. Leipus*, 675 S.W.2d 896, 898–99 (Mo.App. 1984). We therefore find that the trial court clearly abused its discretion in denying defendant's challenge for cause.

■ Ordinarily, a finding that the trial court abused its discretion ends our inquiry, for the reason that prejudice is virtually presumed when the trial court denies a valid challenge for cause. Some factual situations, however, are so unique that they warrant further inquiry to determine if there existed a "real probability of injury" to the defendant. *State v. Smith*, 649 S.W.2d at 422. The present case justifies this two-pronged analysis.

In his brief, defendant broadly stated that he was prejudiced in that he was denied a fair trial. This point arguably preserves the allegation of error raised in his motion for new trial. In that motion, he narrowed his allegation of prejudice to the fact that Venireperson Thomas was "conviction prone." There was no charge of prejudice relating to the severity of sentence.

The facts of the case before us are unique. Defendant's testimony at trial was tantamount to a deliberate plea of guilty to the charges of robbery and of kidnapping. His testimony controverted only the charge of armed criminal action; and that charge against him was subsequently dismissed. Even if Venireperson Thomas were conviction prone, there was no resultant prejudice. Given defendant's own inculpatory testimony, the jurors would have violated their oath had they voted for acquittal. The only genuine question remaining for the jurors was the recommended punishment, which is not challenged on appeal. Under the particular facts of this case, the alleged prejudice to defendant is illusory.

The judgment of the trial court is affirmed.

KELLY and PUDLOWSKI, JJ., concur.