**STATE of Missouri, Plaintiff-Respondent,**

v.

**Elmer Joe STEWART, Defendant-Appellant.**

**No. 14592.**

Missouri Court of Appeals, Southern District, Division Two.

May 15, 1987.

Jay White, Rolla, for defendant-appellant.

No appearance for plaintiff-respondent.

HOGAN, Judge.

A jury has found defendant Elmer Joe Stewart guilty of one count of driving while intoxicated in violation of § 577.010, RSMo Supp.1983, and has also found him guilty of operating a motor vehicle at a time when his license or driving privilege was revoked, in violation of § 302.321, RSMo Supp.1983. Upon the conviction of driving while intoxicated, the punishment imposed was confinement in the county jail for a period of 6 months and a fine of $500. Upon the other conviction, defendant was ordered to pay a fine of $1,000 and was ordered confined to the county jail for a period of 1 year. Defendant appeals, contending that the trial court erroneously refused to excuse an unqualified—or disqualified—juror for cause. We agree and accordingly, we reverse and remand.

Upon voir dire, counsel for the defendant addressed the venire as follows:

"Now, another question: If it developed in the case that it's between as to who you're going to believe, the credibility of the witness, whether you're going to believe these three [peace officers] over here or maybe you'll believe Elmer Joe, *would you automatically put these officers ahead of him, Elmer Joe, or would you give him an equal break in the credibility of his testimony, along with the officers?*" If you couldn't do that, now is when I want you to stand and tell me why. No one stands, so I assume—

Okay. You stand up then.

MS. CARMACK: My name is June Carmack, and I believe that if the officers arrested the man, they did have a good reason to do so.

\*     \*     \*     \*     \*     \*

MS. LARSON: Jackie Larson. *These men are sworn to uphold the law and*

*enforce it, and I think I would have to believe their word."* (Our emphasis.)

Both Mrs. Carmack and Ms. Larson were challenged for cause; in both cases the court refused the challenge. Two of the State's witnesses were peace officers. A third was a conservation agent. We find no independent investigation or inquiry on the part of the trial court. Although a trial court has a considerable measure of discretion in determining the qualifications of potential jurors, it is nevertheless true that when a venireman expresses a partiality toward police officer testimony per se—as a generic class—the bias of credibility contrary to the interest of the complainant-litigant disqualifies service as a juror. *State v. Draper,* 675 S.W.2d 863, 865 (Mo. banc 1984); *State v. Williams,* 643 S.W.2d 832, 834[4] (Mo.App.1982).

We realize no clear line can be drawn as to when a challenge for cause should or should not be sustained and each case must be judged on its particular facts. *State v. Draper,* 675 S.W.2d at 865. Nevertheless juror Larson indicated she would, in any event, accord police testimony greater weight than that of other witnesses, and the response of juror Carmack suggests as much. No further questioning demonstrated an ability on the part of either juror to evaluate all testimony by the same standard. We believe the trial court erred in refusing to strike Carmack for cause; we are certain it erred in refusing to strike Larson for cause. For the error noted, the judgments are reversed and remanded.

PREWITT, P.J., and FLANIGAN and MAUS, JJ., concur.