**STATE of Missouri, Respondent,**

v.

**Warren HENTLEY, Appellant.**

**No. 53689.**

Missouri Court of Appeals,
Eastern District,
Division One.

April 26, 1988.

Motion for Rehearing and/or
Transfer to Supreme Court Denied
May 25, 1988.

Application to Transfer Denied July 26,
1988.

Leonard R. Cleavelin, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Defendant Warren Hentley was convicted by a jury in the St. Louis City Circuit Court on two counts of robbery first degree, RSMo § 569.020 (1986), and two counts of armed criminal action, RSMo § 571.015 (1986). The trial court found defendant to be a prior and persistent offender and sentenced him to two consecutive thirty year sentences and two concurrent thirty year sentences. On appeal, defendant argues that the trial court erred in denying defendant's motion to strike a juror for cause. We affirm.

On the evening of December 13, 1986, Denelle Jones and Angela Layton attended a hockey game at the St. Louis Arena. After the game they discovered that Jones had locked her keys in her car. Jones and Layton then walked to a nearby service station where they made several telephone calls in order to obtain assistance. Defendant passed by the two women at the service station and made a remark about the weather. Shortly thereafter defendant returned, pointed a gun at the women and demanded their purses. Jones and Layton complied with the demand and surrendered their purses. Defendant then fled the scene. Police arrived at the service station within minutes and soon after apprehended

defendant. Both victims positively identified defendant as the robber.

Defendant's argument on appeal involves the trial court's denial of defendant's motion to strike juror Joseph Nemec for cause. During voir dire defense counsel inquired as to whether any of the jurors had any medical problems which might interfere with their ability to pay attention for a long period of time. Juror Nemec responded and then indicated that he might have difficulty in focusing on the evidence because he was on medication and that he had sold his home and was dwelling on getting another home. Defense counsel moved to strike Nemec for cause. The court overruled and stated that defense counsel could use a peremptory. The record does not reveal any further inquiry by defense counsel. Defendant argues that since neither the State nor the trial court attempted further questioning to rehabilitate juror Nemec, the trial court abused its discretion in overruling defendant's motion to strike Nemec for cause.

A defendant must be afforded a full panel of qualified jurors from which to make his peremptory challenges. *State v. Smith*, 649 S.W.2d 417, 422 (Mo. banc), *cert. denied*, 464 U.S. 908, 104 S.Ct. 262, 78 L.Ed.2d 246 (1983); *State v. Hill*, 714 S.W.2d 687, 689 (Mo.App., E.D.1986). However, the trial court has wide discretion in determining the qualifications of jurors and we will not reverse absent a clear showing of an abuse of discretion and probability of injury to the complaining party. *Smith*, 649 S.W.2d at 422; *State v. Parry*, 684 S.W.2d 441, 445 (Mo.App., E.D.1984). Although we might have ruled differently on the motion to strike juror Nemec, we cannot say that the trial court abused its discretion. *Smith*, 649 S.W.2d at 422. Doubt as to the trial court's ruling will be resolved in its favor. *Id.* After viewing the record before us, we find no basis for ruling that the trial court abused its discretion by not striking juror Nemec.

Further, the record reveals that defendant exercised eight peremptory challenges and the State used six peremptory challenges. Pursuant to RSMo §§ 546.180.1(2), 494.065 (1986), each party was entitled to seven peremptory challenges. The State urges us to conclude that it allowed defendant to use one of the State's challenges while defendant argues that an error in notation is more likely. We may not speculate, rather we look to the record before us which indicates that defendant utilized an "extra" peremptory challenge. Had we concluded that the trial court abused its discretion in rejecting defendant's challenge for cause, the unique circumstances illustrate that no probability of harm to defendant resulted. *See Hill*, 714 S.W.2d at 690.

The judgment is affirmed.

REINHARD and CRIST, JJ., concur.