**STATE of Missouri, Plaintiff–Respondent,**

v.

**Liddell WILSON, Defendant–Appellant.**

No. 54624.

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 28, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 3, 1992.

Application to Transfer Denied
April 21, 1992.

Melinda K. Pendergraph, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Barbara J. Wood, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CRANDALL, Presiding Judge.

Defendant, Liddell Wilson, was convicted, following a jury trial, of murder in the first degree, robbery in the first degree and two counts of armed criminal action. Defendant was sentenced to imprisonment for life, twenty-five years and two terms of twenty years, all to run consecutively. We affirm.

The evidence, considered in the light most favorable to the verdict, discloses that on April 20, 1987, at about 11:00 p.m., the victim was walking down a street in the City of St. Louis. Defendant jogged up behind the victim with a loaded, cocked shotgun. As defendant approached the victim, the victim turned and faced defendant. Defendant put the gun twelve inches from the victim's head and pulled the trigger, killing him. The victim was unarmed and made no attempts to disarm the defendant.

After shooting the victim, defendant searched the victim's pockets and removed several personal items, including the victim's keys and military "dog tags." Defendant then ran from the scene to a church where he disposed of the shotgun. Defendant ran back toward the area where the shooting occurred and was arrested.

Following his arrest, defendant was identified by an eyewitness to the shooting and by a police officer who had seen defendant carrying a shotgun immediately after the shooting. In addition, defendant gave a statement to the police admitting that he did shoot the victim while attempting to rob him.

First, defendant challenges the sufficiency of the evidence to convict him of murder in the first degree. Specifically, defendant claims that State failed to show that defendant's acts were performed after deliberation as required by § 565.020.1, RSMo (1986).

Deliberation is cool reflection for any length of time no matter how brief. Section 565.002(3), RSMo (1986). In addition, a deliberate act is an act of free will done in furtherance of a design to accomplish an unlawful purpose and while not under the influence of a violent passion that is suddenly aroused by some provocation. *State v. Davis*, 653 S.W.2d 167, 172 (Mo. banc 1983). Here, defendant jogged up to the victim with a cocked and loaded shotgun. The victim turned to face defendant but made no other movements. Defendant placed the shotgun within inches of the victim's head and pulled the trigger. Defendant then went through the victim's pockets and removed the contents. A jury could reasonably believe that the shooting occurred after cool reflection in furtherance of an unlawful purpose. While evidence was presented to the contrary, the jury was not required to believe it. Defendant's point is denied.

Next, defendant claims that the trial court committed plain error in allowing the prosecutor to introduce evidence of defendant's post arrest silence in violation of both the Missouri and United States Consti-

**82**

tutions. Specifically, defendant claims the court erred by allowing a police officer to testify that defendant made no statement demonstrating remorse the night he was placed in the Juvenile Detention Center.[1] Defendant concedes that because he failed to object to the introduction of the evidence, the error is not preserved. Thus, we review for plain error. Rule 30.20.

Generally, post arrest silence may not be admitted for use against a defendant. *State v. Mabie,* 770 S.W.2d 331, 334 (Mo.App.1989). However, post arrest silence is admissible if the defendant gives a statement and thereby waives his right to remain silent. *State v. Baker,* 791 S.W.2d 939, 943 (Mo.App.1990).

Here, the defendant voluntarily gave statements both at the time of the arrest and after he was certified as an adult. At the time of the arrest, defendant stated that he did not know anything about the victim or the crime. After being certified as an adult, the defendant gave a videotaped statement admitting his involvement in the shooting, but denied that it was intentional. Defendant waived his right to remain silent and cannot now complain about the admission of evidence of post arrest silence. We find no error, plain or otherwise. Defendant's point is denied.

Next, defendant claims that the trial judge erred in overruling his request for a mistrial. Specifically, defendant claims that the trial court should have declared a mistrial when a spectator yelled the name of the victim during the testimony of a forensic pathologist. We disagree.

Granting of a mistrial is a drastic remedy to be used only when there is an error that cannot be corrected in any other manner. *State v. Shelton,* 779 S.W.2d 614, 616 (Mo.App.1989). Whether or not to grant a mistrial because of an outburst by a spectator is within the discretion of the trial court. *State v. Martin,* 525 S.W.2d 804, 810 (Mo.App.1975). Here, the spectator cried and yelled the victim's name for

about 35 seconds. The spectator never accused defendant of the victim's murder. In addition, the trial judge, who is in the best position to assess the effect of the outburst and fashion a proper remedy, admonished the jury to disregard the spectator's comments. We cannot say that the trial judge abused his discretion. Defendant's point is denied.

Next, defendant claims that the trial court erred in overruling defendant's motion to suppress a videotaped statement. Specifically, defendant claims that the statement was involuntary because he was 16 years of age, the "interrogation" lasted for several hours, he did not have counsel present and he cried throughout the questioning.

The test for the voluntariness of a confession is whether under the totality of the circumstances, defendant was deprived of a free choice to admit, deny or refuse to answer, and whether coercion was of such a degree that defendant's will was overborne at the time he confessed. *State v. Pierce,* 749 S.W.2d 397, 402 (Mo. banc 1988). Age, the conditions of incarceration, lack of education and unusual susceptibility to coercion are some of the factors that should be considered in determining whether a defendant's will was overcome. *Id.; State v. Lytle,* 715 S.W.2d 910, 915 (Mo. banc 1986).

Here, defendant was sixteen years of age when he was questioned. However, the police gave defendant his Miranda warnings at least twice. They allowed the defendant to speak with his aunt privately for twenty minutes before giving his statement on video. State presented evidence that no physical or psychological coercion was used. Finally, at no time did the defendant ask that the questioning be stopped or that an attorney be summoned. Under the totality of the circumstances, we cannot say that the court erred in finding the statement was voluntarily given.

**1.** Defendant was originally arrested as a juvenile but was later certified to stand trial as an

adult in this case.

In addition, defendant claims that the statement was taken in violation of his right to counsel because the statement was given without the presence of his attorney. Defendant was originally arrested as a juvenile and then certified as an adult. During the certification process defendant was represented by counsel. It is defendant's contention that the police were aware that he was represented by counsel and violated his rights by not contacting that attorney prior to taking the statement.

 The request for an attorney on a different matter does not vitiate any subsequent voluntary statements given without counsel by a defendant. *State v. Davis*, 582 S.W.2d 342, 346 (Mo.App.1979). Here, defendant did have a court appointed attorney for the proceedings leading to his removal from the juvenile system. However, the certification proceeding was completed prior to his arrest as an adult. There was no evidence presented that defendant invoked his right to counsel before or after the detectives questioned him. Therefore, the trial court did not err in overruling his motion to suppress the statement. Defendant's point is denied.

In his final point, defendant claims the trial court erred in dismissing two venirepersons for cause. Specifically, defendant contends that the prosecutor impermissibly used the closed arrest records of the two venirepersons. In addition, defendant claims that the venirepersons' previous arrests did not constitute cause for their dismissal. Defendant claims that prejudice resulted because the State, in effect, was allowed two additional preemptory strikes.

Under § 610.120, RSMo (1986), the State is allowed to use the "closed" arrest records of persons who may sit as jurors in a criminal prosecution. *State v. McMahan*, 821 S.W.2d 110, at 113 (Mo.App.1991). In addition, the trial court is granted wide discretion in determining the qualification of prospective jurors. *State v. Hill*, 714 S.W.2d 687, 689 (Mo.App.1986). We will not disturb the trial court's decision unless there is a clear abuse of discretion and the real probability of injury. *Id.*

Here, the State produced arrest records on two venirepersons who denied prior arrest. When the first venireperson was confronted he denied the allegation. The trial court concluded that the juror could not be fair after being accused of criminal activity by the prosecutor. The trial court declined to confront the second venireperson and simply struck her because of her apparent inconsistent statement. When selecting jurors it is better to err on the side of caution. *State v. Willis*, 688 S.W.2d 38, 41 (Mo.App.1985). The trial court did not abuse its discretion. Defendant's point is denied.

The judgment of the trial court is affirmed.

SATZ and PUDLOWSKI, JJ., concur.