**STATE of Missouri, Respondent,**

v.

**Robert CASTILLEJA, Appellant.**

**Robert CASTILLEJA, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 59314, 61143.

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 15, 1992.

Emily N. Blood, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Hugh L. Marshall, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Presiding Judge.

Defendant, Robert Castilleja, appeals from his convictions, after a jury trial, for robbery in the first degree and armed criminal action. He was sentenced to a term of ten years' imprisonment and a consecutive term of three years' imprisonment, respectively. We affirm.

Defendant does not challenge the sufficiency of the evidence. Viewed in the light most favorable to the verdict, the evidence established that defendant approached a security guard, who was stationed at the receiving shed of a company located in the City of St. Louis, Missouri. When defendant told the security guard that he had a gun and wanted the guard's money, the guard gave defendant his wallet which contained $101.00.

Defendant testified at trial. He said that he did not use a gun and that he was getting money from the security guard for a friend to whom the guard owed money. He also stated that he was drunk during the incident.

Defendant's first point claims error in the denial of his challenge for cause of a member of the jury panel. The venireman had been a victim of an armed robbery and had testified in that case.

A defendant in a criminal case is entitled to a panel of qualified jurors before he is required to expend his allotted peremptory challenges. §§ 494.470 and 494.480, RSMo (Cum.Supp.1991); *State v. Hill*, 714 S.W.2d 687, 689 (Mo.App.1986). The trial court is accorded wide discretion in determining the qualifications of a prospective juror and its ruling on a challenge for cause will not be disturbed on appeal unless it constitutes a clear abuse of that discretion. *Hill*, 714 S.W.2d at 689. Each case must be judged on its facts; and errors in the exclusion of potential jurors should always be made on the side of caution. *See Id.*

A review of the voir dire examination of the challenged venireman discloses that he was unwavering in his answers that he could give defendant a fair trial and that his prior experience would not affect his decision in this case. There is no basis for a challenge for cause. The mere fact that the venireman was a victim of a crime did not disqualify him for jury service. *See State v. Murphy*, 739 S.W.2d 565, 569 (Mo. App.1987); *see also State v. Land*, 478 S.W.2d 290 (Mo.1972) (the significant factor in determining whether the challenge for cause was improperly denied was not the similarities between the venireman's prior experience and the case, but the court's determination that the venireman might "subconsciously" lean toward the State). Point one is denied.

In his second point, defendant attacks the petit and grand jury selection procedures in the City of St. Louis as violative of equal protection principles and the fair cross-section requirement. *See Taylor v. Louisiana*, 419 U.S. 522, 95 S.Ct. 692, 699, 42 L.Ed.2d 690 (1975) (systematic exclusion of women from the petit jury violates fair cross-section requirement). We have reviewed defendant's point on appeal and find that no jurisprudential purpose would be served by a written opinion. Point two is denied pursuant to Rule 30.25(b).

In his third point, defendant charges error in the State's closing argument in which the prosecutor mentioned defendant's prior misdemeanor conviction. During closing argument, when the prosecutor was discussing the punishment for

robbery in the first degree and armed criminal action, the prosecutor stated, "Now I'd be remiss in my job if I didn't tell you what I thought was an appropriate punishment, okay. The defendant told you that he's got a prior conviction, but you're not supposed to use that at all." At that point, defendant objected to the State's comment; the objection was overruled. The prosecutor then resumed his argument: "As I said, you don't look at his prior conviction to say this man deserves a lot of time. It goes to the believability of the witness and that's it...."

The State's argument about defendant's prior conviction only pertained to defendant's credibility as a witness and was therefore entirely proper. *See State v. Holly,* 697 S.W.2d 250, 254 (Mo.App.1985). Defendant's third point is denied.

■ In his fourth point, defendant contends that the trial court erred in submitting an instruction patterned after MAI–CR3d 302.04, which defined "proof beyond a reasonable doubt" as "proof that leaves you firmly convinced of the defendant's guilt." Defendant argues that the instruction lowers the State's burden of proof in a criminal case. The Supreme Court of Missouri rejected this identical argument in *State v. Griffin,* 818 S.W.2d 278, 282 (Mo. banc 1991). Defendant's final point is denied.

■ The judgment of the trial court is affirmed.[1]

PUDLOWSKI and GRIMM, JJ., concur.

---

1. Defendant's appeal from the court's ruling on his Rule 29.15 motion is dismissed for failure to brief any arguments with regard to that motion.